**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDRES RUILOVA, HUGO TEXIS, BERTIN ALDO GARCIA, ISMAEL GUTIERREZ, VALENTIN VIVAR, ELIZABETH KELLY, STACY SAMUEL, STEPHANIE PEREZ, EVAN MILHO, JAMAL KHAN, KEVIN O'BRIEN and CHUCK REYNOLDS, on behalf of themselves, FLSA Collective Plaintiffs and the Class,<br><br>                              Plaintiffs,<br><br>                    -vs.-<br><br>443 LEXINGTON AVE, INC. d/b/a DAVIO'S, 75 ARLINGTON STREET, INC. d/b/a DAVIO'S, ONE PATRIOT PLACE, LLC d/b/a DAVIO'S, 151 GRANITE STREET LLC d/b/a DAVIO'S, 55 BOYLSTON STREET, LLC d/b/a DAVIO'S, 427 WALNUT STREET LLC d/b/a DAVIO'S, 111 S. 17th STREET, INC. d/b/a DAVIO'S, 201 MAIN STREET LLC d/b/a DAVIO'S, and STEVE DIFILLIPPO,<br><br>                              Defendants. | Case No. 19-cv-05205 |

## DEFENDANTS' ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants, 443 LEXINGTON AVE, INC. d/b/a DAVIO'S, 75 ARLINGTON STREET, INC. d/b/a DAVIO'S, ONE PATRIOT PLACE, LLC d/b/a DAVIO'S, 151 GRANITE STREET LLC d/b/a DAVIO'S, 55 BOYLSTON STREET, LLC d/b/a DAVIO'S, 427 WALNUT STREET LLC d/b/a DAVIO'S, 111 S. 17th STREET, INC. d/b/a DAVIO'S, 201 MAIN STREET LLC d/b/a DAVIO'S (collectively, "CORPORATE DEFENDANTS"), and STEVE DIFILLIPPO ("INDIVIDUAL DEFENDANT") ("Individual Defendant," collectively with the Corporate Defendants, referred to herein as "DEFENDANTS"), by their attorneys, Barton LLP, for their answer to the Class And Collective Action Complaint ("Complaint") of ANDRES RUILOVA ("RUILOVA"), HUGO TEXIS ("TEXIS"), BERTIN ALDO GARCIA ("GARCIA"), ISMAEL

GUTIERREZ ("GUTIERREZ"), VALENTIN VIVAR ("VIVAR"), ELIZABETH KELLY ("KELLY"), STACY SAMUEL ("SAMUEL"), STEPHANIE PEREZ ("PEREZ"), EVAN MILHO ("MILHO"), JAMAL KHAN ("KHAN"), KEVIN O'BRIEN ("O'BRIEN") and CHUCK REYNOLDS ("REYNOLDS") (collectively "PLAINTIFFS"), hereby state as follows:

## INTRODUCTION

1.     Deny the allegations in paragraph 1 of the Complaint.

2.     Deny the allegations in paragraph 2 of the Complaint.

3.     Deny the allegations in paragraph 3 of the Complaint.

4.     Deny the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     The allegations set forth in paragraph 5 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 5 of the Complaint.

6.     The allegations set forth in paragraph 6 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 6 of the Complaint.

7.     The allegations set forth in paragraph 7 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 7 of the Complaint.

## PARTIES

*Plaintiffs:*

8.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint.

13.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint.

14.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

15.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint.

16.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint.

17.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint.

18.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint.

19.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint.

*Davio's Restaurants:*

20.     Admit  that each of the Corporate Defendants owns and operates a restaurant, except deny that any of the Defendants own or operate Davio's Chestnut Hill. Deny that the Individual Defendant owns the restaurants other than through the Corporate Defendants.  Deny that Defendants operate a "nationwide chain".  To the extent any further or additional factual allegations are contained in this paragraph the Corporate Defendants and Individual Defendant deny same.

21.     Admit that the Corporate Defendants, other than 55 Boylston Street, LLC serve Italian food and steak and are advertised jointly on the Corporate Defendants' website; that the Corporate Defendants sell certain similar items; sell gift cards that can be used at any of Corporate Defendants' restaurants; and all Defendants deny the remaining allegations in paragraph 21 of the Complaint.

### Defendants:

22.     Admit the allegations in paragraph 22 of the Complaint, except deny as to the alleged service of process address.

23.     Admit the allegations in paragraph 23 of the Complaint.

24.     Admit the allegations in paragraph 24 of the Complaint.

25.     Admit the allegations in paragraph 25 of the Complaint.

26.     Admit the allegations in paragraph 26 of the Complaint, except deny that Defendant "55 Boylston Street, LLC d/b/a Davio's" operates Davio's Chestnut Hill.

27.     Admit the allegations in paragraph 27 of the Complaint.

28.     Admit the allegations in paragraph 28 of the Complaint.

29.     Admit the allegations in paragraph 29 of the Complaint.

30.     Admit that the Individual Defendant is an owner and chief executive officer of Defendant restaurants other than Davio's Chestnut Hill; and deny the remaining allegations in paragraph 30 of the Complaint.

31.     Deny the allegations in paragraph 31 of the Complaint.

32.     The allegations set forth in paragraph 32 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 32 of the Complaint.

33.     The allegations set forth in paragraph 33 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 33 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34.     The allegations set forth in paragraph 34 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 34 of the Complaint.

35.     The document referenced Paragraph 40 speaks for itself. To the extent any further or additional factual allegations are contained in this paragraph, the Defendants call upon the Plaintiff to prove same.

36.     Deny the allegations in paragraph 36 of the Complaint.

37.     Deny the allegations in paragraph 37 of the Complaint.

38.     The allegations set forth in paragraph 38 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 38 of the Complaint.

## RULE 23 CLASS ALLEGATIONS

39.     The allegations set forth in paragraph 39 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 39 of the Complaint.

40.     The document referenced in Paragraph 40 speaks for itself. To the extent any further or additional factual allegations are contained in this paragraph, the Defendants call upon the Plaintiff to prove same.

41.     Deny the allegations in paragraph 41 of the Complaint.

42.     Deny the allegations in paragraph 42 of the Complaint.

43.     Deny the allegations in paragraph 43 of the Complaint.

44.     Deny the allegations in paragraph 44 of the Complaint.

45.     Deny the allegations in paragraph 45 of the Complaint.

46.     Deny the allegations in paragraph 46 of the Complaint.

47.     Deny the allegations in paragraph 47 of the Complaint.

## STATEMENT OF FACTS

### *Plaintiffs, FLSA Collective Plaintiffs and the Class*

48.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 48 of the Complaint, except deny that Defendants failed to pay proper wages.

49.     Deny the allegations in paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the Plaintiffs' observations and conversations. Admit that certain Tipped Plaintiffs were paid at the reduced minimum wage service rate less than the full federal minimum wage rate as specified and permitted by law, and deny the remaining allegations in paragraph 50 of the Complaint.

51.     Deny the allegations in paragraph 51 of the Complaint.

52.     Admit that Defendants required Tipped Plaintiffs to wear a jacket with the restaurants' logo while working and deny the remaining allegations in paragraph 52 of the Complaint.

53.     Deny the allegations in paragraph 53 of the Complaint.

54.     Deny the allegations in paragraph 54 of the Complaint.

55.     Deny the allegations in paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 56 of the Complaint.

### *New York Plaintiffs and the New York Subclass*

#### *Plaintiff ANDRES RUILOVA*

57.     Defendant 443 Lexington Ave, Inc. admits that Ruilova was employed by it from July 29, 2015 through February 26, 2018. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

58.     Deny the allegations in paragraph 58 of the Complaint.

59.     Deny the allegations in paragraph 59 of the Complaint.

#### *Plaintiff HUGO TEXIS*

60.     Defendant 443 Lexington Ave Inc. admits that Texis was employed by it from October 21, 2014 to December 25, 2017. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

61.     Deny the allegations in paragraph 61 of the Complaint.

62.     Defendant 443 Lexington Ave, Inc. admits that Texis was paid at the base hourly rates contained in this paragraph. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

### Plaintiff BERTIN ALDO GARCIA

63.     Defendant 443 Lexington Ave, Inc. admits that Garcia has been employed by it as a food preparer since February 2014. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

64.     Defendant 443 Lexington Ave, Inc. admits the allegations in paragraph 64. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

65.     Deny the allegations in paragraph 65 of the Complaint.

### Plaintiff ISMAEL GUTIERREZ

66.     Defendant 443 Lexington Ave, Inc. admits that Gutierrez was employed by it from March 22, 2016 to May 12, 2018. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

67.     Deny the allegations in paragraph 67 of the Complaint.

68.     Defendant 443 Lexington Ave, Inc. admits the allegations in paragraph 68. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

### Plaintiff VALENTIN VIVAR

69.     Defendant 443 Lexington Ave, Inc. admits that Vivar was employed by it from November 10, 2017 through December 25, 2017. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

70.     Deny the allegations in paragraph 70 of the Complaint.

71.     Defendant 443 Lexington Ave, Inc. admits the allegations in paragraph 71. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

### *New York Plaintiffs and the New York Subclass*

72.     Deny the allegations in paragraph 72 of the Complaint, except Defendant 443 Lexington Ave, Inc. admits that it did, when appropriate, automatically deduct meal breaks from the New York Plaintiffs and the New York Subclass Members in accordance with applicable law.

73.     Defendant 443 Lexington Ave, Inc. admits that Tipped New York Plaintiffs GUTIERREZ and VIVAR were paid at a reduced tip minimum wage rate that was less than the full New York minimum wage in accordance with permitted law. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

74.     Deny the allegations in paragraph 74 of the Complaint.

75.     Deny the allegations in paragraph 75 of the Complaint.

76.     Defendant 443 Lexington Ave, Inc. admits that it required Tipped Plaintiffs GUTIERREZ and VIVAR to wear a shirt with the Davio's Manhattan restaurants' logo while working. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

77.     Deny the allegations in paragraph 77 of the Complaint.

78.     Deny the allegations in paragraph 78 of the Complaint.

79.     Deny the allegations in paragraph 79 of the Complaint.

***<u>Massachusetts Plaintiffs and the Massachusetts Subclass</u>***

***<u>Plaintiff ELIZABETH KELLY</u>***

80.     Defendant 75 Arlington Street, Inc. admits that Kelly was employed by it from January 26, 2017 through May 27, 2017. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

81.     Deny the allegations in paragraph 81 of the Complaint.

82.     Deny the allegations in paragraph 82 of the Complaint.

***<u>Plaintiff STACY SAMUEL</u>***

83.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 83 of the Complaint, and deny that Samuel was employed by Defendants.

84.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 84 of the Complaint, and deny that Samuel was employed by Defendants.

85.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 85 of the Complaint, and deny that Samuel was employed by Defendants.

***<u>Plaintiff STEPHANIE PEREZ</u>***

86.     Defendant 151 Granite Street LLC admits that Perez was employed by it. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

87.     Deny the allegations in paragraph 87 of the Complaint.

88.     Defendant 151 Granite Street LLC admits the allegations in paragraph 88 of the Complaint. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

*Plaintiff EVAN MILHO*

89.     Defendant One Patriot Place LLC admits that Milho was employed by it from September 30, 2015 through August 14, 2017. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

90.     Deny the allegations in paragraph 90 of the Complaint.

91.     Defendant One Patriot Place LLC admits that Milho was paid at the reduced tip minimum wage rate in accordance with applicable law as a tipped employee. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

*Massachusetts Plaintiffs and the Massachusetts Subclass*

92.     Deny the allegations in paragraph 92 of the Complaint, except Defendants 75 Arlington Street, Inc., 151 Granite Street LLC and One Patriot Place LLC admit that they did, when appropriate, automatically deduct meal breaks from the Massachusetts Plaintiffs and the Massachusetts Subclass Members in accordance with applicable law.

93.     Defendant 151 Granite Street LLC and One Patriot Place LLC admit that Tipped Massachusetts Plaintiffs PEREZ and MILHO were paid at a reduced tip minimum wage rate that was less than the full Massachusetts minimum wage in accordance with applicable law. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

94.     Deny the allegations in paragraph 94 of the Complaint.

95.     Deny the allegations in paragraph 95 of the Complaint.

96.     Defendant 151 Granite Street LLC and One Patriot Place LLC admit that they required Tipped Massachusetts Plaintiffs PEREZ and MILHO to wear a jacket with the Davio's Braintree and Davio's Foxborough logos while working, and deny the remaining allegations in

paragraph 96 of the Complaint. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

### *Pennsylvania Plaintiffs and the Pennsylvania Subclass*

#### *Plaintiff JAMAL KHAN*

97.     Defendant 111 S. 17th Street, Inc. admits that Khan was employed by it. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99 of the Complaint.

#### *Plaintiff KEVIN O'BRIEN*

100.     Defendant 111 S. 17th Street, Inc. admits that O'Brien was employed by it.  To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

101.     Deny the allegations in paragraph 101.

102.     Deny the allegations in paragraph 102 of the Complaint.

#### *Plaintiff CHUCK REYNOLDS*

103.     Defendant 111 S. 17th Street, Inc. admits that Reynolds was employed by it. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

104.     Deny the allegations in paragraph 104.

105.     Deny the allegations in paragraph 105 of the Complaint.

*Pennsylvania Plaintiffs and the Pennsylvania Subclass*

106.    Deny the allegations in paragraph 106 of the Complaint, except Defendant 111 S. 17th St., Inc. admits that it did, when appropriate, automatically deduct meal breaks from the Pennsylvania Plaintiffs and the Pennsylvania Subclass Members in accordance with applicable law.

107.    Defendant 111 S. 17th Street, Inc. admits that Tipped Pennsylvania Plaintiff REYNOLDS was paid at the reduced tip minimum wage rate that was less than the full Pennsylvania minimum wage rate in accordance with applicable law. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

108.    Deny the allegations in paragraph 108 of the Complaint.

109.    Deny the allegations in paragraph 109 of the Complaint.

110.    Defendant 111 S. 17th Street admits that that it required Tipped Plaintiff REYNOLDS to wear a jacket with the Davio's Philadelphia logo while working. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

111.    Repeat and reallege their responses to paragraphs 1 through 110 of the Complaint.

112.    The allegations set forth in paragraph 112 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 112 of the Complaint.

113.    The allegations set forth in paragraph 113 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Defendants can neither admit or deny this allegation as it is unclear with regard to each Corporate Defendant what relevant time period is being reference by the Plaintiffs. Once the Plaintiffs clarify for each Corporate Defendant what it means by "at all relevant times", the Defendants agree to further answer.

115.    Deny the allegations in paragraph 115 of the Complaint.

116.    Deny the allegations in paragraph 116 of the Complaint.

117.    Deny the allegations in paragraph 117 of the Complaint.

118.    For each of the Corporate Defendants, other than 55 Boylston Street, LLC, all records, if any, concerning the hours worked by employees, as required by law, are maintained in the possession and custody of each of the Corporates Defendants. 55 Boylston Street, LLC is not required by law to maintain such records and has no such records. To the extent any further or additional factual allegations are contained in this paragraph the Defendants deny same.

119.    Deny the allegations in paragraph 119 of the Complaint.

120.    Deny the allegations in paragraph 120 of the Complaint.

121.    Deny the allegations in paragraph 121 of the Complaint.

122.    Deny the allegations in paragraph 122 of the Complaint.

123.    Deny the allegations in paragraph 123 of the Complaint.

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**

124.    Repeat and reallege their responses to paragraphs 1 through 123 of the Complaint.

125.     The allegations set forth in paragraph 125 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 125 of the Complaint.

126.     Deny the allegations in paragraph 126 of the Complaint.

127.     Deny the allegations in paragraph 127 of the Complaint.

128.     Deny the allegations in paragraph 128 of the Complaint.

129.     Deny the allegations in paragraph 129 of the Complaint.

130.     Deny the allegations in paragraph 130 of the Complaint.

131.     Deny the allegations in paragraph 131 of the Complaint.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS FAIR WAGE LAW

132.     Repeat and reallege their responses to paragraphs 1 through 131 of the Complaint.

133.     The allegations set forth in paragraph 133 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 133 of the Complaint.

134.     Deny the allegations in paragraph 134 of the Complaint.

135.     Deny the allegations in paragraph 135 of the Complaint.

136.     Deny the allegations in paragraph 136 of the Complaint.

137.     Deny the allegations in paragraph 137 of the Complaint.

138.     Deny the allegations in paragraph 138 of the Complaint.

139.     Deny the allegations in paragraph 139 of the Complaint.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

140.     Repeat and reallege their responses to paragraphs 1 through 139 of the Complaint.

141.    The allegations set forth in paragraph 141 of the Complaint state conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 141 of the Complaint.

142.    Deny the allegations in paragraph 142 of the Complaint.

143.    Deny the allegations in paragraph 143 of the Complaint.

144.    Deny the allegations in paragraph 144 of the Complaint.

145.    Deny the allegations in paragraph 145 of the Complaint.

146.    Deny the allegations in paragraph 146 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses, which they have designated, collectively, as "affirmative defenses."  Defendants' designation of its defenses as "affirmative" is not intended in any way to alter Plaintiffs' burden of proof with regard to any elements of their causes of action.  Defendants also expressly deny the existence of any alleged putative group of persons or "aggrieved employees" that Plaintiffs purport to represent in this lawsuit.  Defendants incorporate (as if fully set forth herein) this express denial each and every time they reference "Plaintiffs."

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred by the failure of Plaintiffs and/or their agents and/or other persons acting on their behalf to mitigate Plaintiffs' claimed damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part by the doctrines of waiver, estoppel, acquiescence, laches, unclean hands, and/or release including but not limited to the extent that, *inter alia*, Plaintiffs did not record or report their time properly, accurately and/or completely.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the negligent acts or omissions, fraud, concealment, illegal conduct and/or other misconduct of Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by exclusions, exceptions, exemptions, credits, or offsets permissible under applicable law, including but not limited to the FLSA, New York Labor Law, New York Wage Theft Prevention Act, the Massachusetts Fair Wage Law, and the Pennsylvania Minimum Wage Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to their failure to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to unconstitutionality.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by payment, setoff, settlement, waiver, release and/or accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of the FLSA and related state laws because actions taken in connection with Plaintiffs' compensation were done in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written or unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or similar related state agencies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish that Defendants engaged in willful conduct within the meaning of the FLSA or related state laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any costs of this proceeding or attorneys' fees from Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the ground that the activities for which they seek additional compensation were not compensable work and therefore any time Plaintiffs spent on those activities would not be included in the workweek calculation of hours for purposes of entitlement for pay.

## SEVENTEENTH AFFIRMATIVE DEFENSE

There is no basis for declaratory relief in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

There is no basis for injunctive relief in this action.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to meet the prerequisites to maintaining a collective action under the FLSA because the named Plaintiffs and putative collective members as alleged in the Complaint are not similarly situated, were not subject to an unlawful policy or plan, and cannot satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C. § 216(b).

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint does not and cannot satisfy the statutory and/or other prerequisites to proceed as a class under Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any failure alleged in the Complaint by Defendants to comply with wage and hour laws was *de minimus* and therefore not actionable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Court lacks supplemental jurisdiction over the pleaded state law claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants at all times acted in good faith and in compliance with all applicable law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Individual Defendant is not a proper party to this action because, without limitation, he is not an "employer" within the meaning of any applicable law, statute, rule or regulation and

therefore cannot be held personally liable for any alleged violations of the laws, statutes or regulations asserted by Plaintiffs or for any of Plaintiffs' alleged damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiffs or putative collective or class members as set forth in the Complaint, and Defendants did not authorize, require, request, suffer, or permit such activity by Plaintiffs or putative collective or class members as set forth in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over all Defendants except 443 Lexington Ave, Inc.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from pursuing their claims in the Southern District of New York because venue is improper with respect to all Defendants except 443 Lexington Ave, Inc.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants are not joint employers and/or do not constitute a single integrated enterprise.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant "55 Boylston Street, LLC d/b/a Davio's" is not a proper party to this action as it does not employ anyone at that location or operate that location.  As such, "55 Boylston Street, LLC d/b/a Davio's" is not an "employer" within the meaning of any applicable law, statute, rule or regulation and therefore cannot be held liable for any alleged violation of the laws, statutes or regulation asserted by Plaintiffs or for any Plaintiffs' alleged damages.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, made on their own behalf and on behalf of a putative collective and class, as alleged in the Complaint, may not be litigated in court because some or all of said claims are subject to individual, mandatory, final and binding arbitration.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, as alleged in the Complaint, are barred and/or limited because, at all relevant times, Defendants maintained policies and procedures by which employees were required to accurately record their time worked, review their payroll records, and report any pay discrepancies and/or underpayments to Defendants.  At no relevant time did Plaintiffs report pay discrepancies and/or underpayments that were not promptly addressed and/or corrected by Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any form of compensation or overtime pay for time spent performing activities that are "preliminary," "postliminary" or otherwise non-compensable under the Portal-to-Portal Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve their right to add additional affirmative defenses that may become known to them during the pendency of this action.

**WHEREFORE**, Defendants demand dismissal of the Class And Collective Action Complaint, in its entirety, with prejudice, and an award of Defendants' costs, fees and disbursements, including reasonable attorneys' fees and disbursements, incurred in its defense of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York            **BARTON LLP**
       September 27, 2019

By:_____
    Scott G. Grubin
    Mark Berube
    Philip S. Mortensen
    Rita Lenane-Massey

711 Third Avenue, 14th Floor
New York, New York 10017
(212) 687-6262
sgrubin@bartonesq.com
mberube@bartonesq.com
pmortensen@bartonesq.com
rlmassey@bartonesq.com
*Attorneys for Defendants*