# BARTON

Scott G. Grubin, Esq.
Direct dial: 212-885-8844
sgrubin@bartonesq.com

ATTORNEYS AT LAW

October 18, 2019

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262  Office
(212) 687.3667  Fax

**VIA ECF**

Hon. Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

bartonesq.com

Re:   *Andres Ruilova, et al. v. 443 Lexington Ave, Inc. d/b/a Davio's, et al.*,
      Case No. 19-cv-5205 (AJN)

Dear Judge Nathan:

We represent all Defendants[1] in the above-referenced matter and write pursuant to Your Honor's direction at the Rule 16(b) Initial Conference held on October 11, 2019, to request that Davio's be permitted to take limited discovery from the Plaintiffs in this matter before briefing on conditional certification begins. Due to the diverse array of allegations made in the Complaint, including allegations covering restaurants in which no Plaintiffs ever actually worked, as well as the prejudice that would inure to Defendants without the opportunity to examine Plaintiffs' claims, such a request is appropriate here. Indeed, Plaintiffs will be able to point to no prejudice from a short discovery schedule in which Defendants take limited depositions from a select number of Plaintiffs rather than relying on self-serving affidavits and secondhand testimony. To the contrary, to permit notice to go out to hundreds of employees of restaurants across the Northeast without preliminary discovery would be both premature and prejudicial to Defendants.

## I.   Second Circuit Precedent Permits Discovery Before Briefing Conditional Certification

The Second Circuit takes a two-step approach to the certification of a "collective action" under the Fair Labor Standards Act ("FLSA"). *See, e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 554-555 (2d Cir. 2010). First, a Court decides whether to authorize notice to potential plaintiffs who the Court deems to be "similarly situated" to the plaintiffs bringing the action. *Id.* at 555. A plaintiff's burden at this stage includes making a factual showing that the named plaintiff(s) and potential plaintiffs together were victims of a common and unlawful policy or plan. *See, e.g.*,

---

[1] This letter will refer collectively to the named defendants for the sake of simplicity; however, no reference herein to "Defendants" shall indicate that the Corporate Defendants or Individual Defendant (as defined in the Answer, Dkt. No. 27) concede that they operate together in any way.

*Sanchez v. JMP Ventures, L.L.C.*, No. 13-cv-7264-KBF, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014). After the completion of merits discovery, a defendant is permitted to move to "decertify" a conditionally certified collective upon a showing that further discovery has ultimately shown that the opt-in plaintiffs were not similarly situated to the named plaintiffs. *Myers*, 624 F.3d at 555.

Despite this modest burden, courts in this district are clear that plaintiff's burden of proof at the first stage of conditional certification "is not non-existent." *See, e.g., Jinquan Yin v. Pomodoro Italian Express Inc.*, No. 17-cv-10244-AJN, 2019 WL 1369469, at *2 (S.D.N.Y. Mar. 11, 2019; *Romero v. H.B. Auto. Grp., Inc.*, No. 11-cv-386-CM, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012); *Sanchez*, 2014 WL 465542, at *1. It is plain that plaintiff's burden "cannot be satisfied simply by unsupported assertions," *Myers*, 624 F.3d at 555 (internal quotation marks omitted); *see also Leonardo v. ASC, Inc.*, No. 18-cv-3657-VEC, 2018 WL 5981996, at *2 (S.D.N.Y. Nov. 14, 2018). Further, "conclusory allegations" will not satisfy plaintiff's burden for conditional certification. *Leonardo*, 2018 WL 5981996, at *3 (denying conditional certification for all non-kitchen staff where plaintiff supplied only conclusory allegations regarding other job descriptions).

The Second Circuit's two-step process is completely compatible with Defendants' request here to conduct limited discovery before briefing on conditional certification begins. Certainly, as part of the Court's discretion regarding whether to issue notice in the first place, a Court has the discretion to permit discovery on the topic. *See, e.g., Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 362 (S.D.N.Y. 2007) (describing procedural history including defendant's successful motion for an extended time to respond to plaintiff's motion for conditional certification to conduct discovery); *Zivali v. AT & T Mobility LLC*, 646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009) (plaintiffs were deposed to allow defendant to evaluate the assertions made in their declarations); *Eng-Hatcher v. Sprint Nextel Corp.*, No. 7-cv-7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (denying conditional certification after parties took four months of discovery, including depositions); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 405 (S.D.N.Y. 2012) (depositions taken before conditional certification briefed); *Guan Ming Lin v. Benihana Nat. Corp.*, 275 F.R.D. 165, 175 (S.D.N.Y. 2011) (named plaintiff's deposition taken before briefing on conditional certification); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 477 (S.D.N.Y. 2010) (same; certification of nationwide collective narrowed due to, *inter alia*, deposition testimony). By the same token, Defendants are unaware of a single case in this Circuit holding that a defendant is prohibited from taking plaintiff's deposition before conditional certification is briefed.

As will be explained further below, testimony from select Plaintiffs in this action will allow Defendants to appropriately scrutinize the sundry allegations in the complaint in advance of any briefing on conditional certification.

## II. Discovery Will Enable Defendants to Defend Plaintiffs' Scattershot Allegations

Taking testimony of certain of the Plaintiffs in this matter will be crucial to Defendants' ability to appropriately contest conditional certification in this relatively unique case. This case does not involve a few plaintiffs working for one or two employers – instead, Plaintiffs attempt to unify the claims of twelve (12), mostly former, employees to cover eight (8) different corporate entities and three (3) states. Despite having a dozen Plaintiffs, two Corporate Defendants have zero Plaintiffs associated with them, and a third Corporate Defendant is not even an employer and has no employees at all. Plaintiffs have cobbled together four different claims, only one of which is made by all Plaintiffs, and the Plaintiffs here work at least eight different job positions. Taken together, there is no plausible factual nexus uniting the Plaintiffs to one another for the purposes of certifying a collective. Plaintiffs should not be able to "bulletproof" their route to conditional certification by merely identifying twelve (12) Plaintiffs at five (5) different restaurants supported with conclusory assertions of "observation, experiences, [and] conversations" as the basis to extrapolate their claims to a much larger group.

## III. Plaintiff Will Suffer No Prejudice from Pre-Conditional Certification Discovery but Undue or Overbroad Notice Will Severely Prejudice Defendants

As stated above and at the Initial Conference before Your Honor, Defendant seeks to depose a select number of the twelve (12) Plaintiffs in this matter. There is no appreciable prejudice to Plaintiff from a limited discovery period to take these depositions and, as shown above, such discovery is certainly not unusual in this district.[2]

On the other hand, the consequences for the Defendants in granting conditional certification are immense and cannot be undone even by a successful motion for decertification. Conditional certification causes notice to employees and notwithstanding the best efforts to ensure an accurate, understandable, and appropriate notice – conditional certification (rightly or wrongly) provides an air of legitimacy to Plaintiffs' claims. That "air" has real consequences to the Defendants as word spreads of the litigation across the high-end restaurant community and their valued workforce. The proverbial "toothpaste cannot be put back in the tube." In addition, Defendants will experience unnecessary business disruption, administrative burdens, and substantial and unnecessary litigation costs. As the Supreme Court recognized in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), because conditional certification by its very nature imposes a major burden on a defendant as well as the Court, it should only be granted where appropriate. *Id.* at 169. In a case like the instant matter, where Plaintiffs seek to conditionally certify an excessively large and factually unsupportable collective, it is all the more important that Defendants be permitted to fully flesh out Plaintiffs claims before briefing begins.

\*    \*    \*    \*    \*    \*    \*

---

[2] On October 15, 2019, without any prior conversation with Defendants' counsel, Plaintiffs served Defendants with deposition notices of all Defendants, unilaterally noticing the commencement of depositions beginning November 4, 2019. While neither corporate representatives nor the individual defendant Mr. DiFillippo can be made available as soon as twenty-one (21) days from the noticed date, the Plaintiffs' deposition notices represent their implicit acknowledgement of the propriety of Defendants' request for discovery before conditional certification has been briefed.

Hon. Alison J. Nathan
October 18, 2019
Page 4 of 4

    For these reasons, Defendants respectfully request that the Court allow ninety (90) days for Defendants to take the depositions of: Hugo Texis (former employee; Expeditor; 443 Lexington Avenue (NY)), Ismael Gutierrez (former employee; Runner; 443 Lexington Avenue (NY)), Evan Milho (former employee, Server, 236 Patriot Place (MA)), Kevin O'Brien (former employee; Cook; 111 South 17th Street (PA)), and Chuck Reynolds (current employee; Bartender and Server; 111 South 17th Street (PA)) in advance of briefing on conditional certification.[3] This proposed list of deponents represents a modest cross-section of Plaintiffs covering the three states involved, current and former employees, and front-of-house and back-of-house employees. We expect to be able to demonstrate by these depositions that at best these putative Plaintiffs may have isolated individual claims against a discrete Corporate Defendant, but their claims cannot be extrapolated to any larger group. We thank the Court for Your Honor's attention to this matter.

                                            Respectfully submitted,

                                            */s/ Scott G. Grubin*

                                            Scott G. Grubin

cc:      C.K. Lee, Esq.
          Anne Seelig, Esq.
          Angela Kwon, Esq.
          (via ECF)

          Robert Rudolph, Esq.
          (via email)

---

[3] Accordingly, the proposed briefing schedule should begin after the passing of ninety (90) day period for the Defendants to conduct its limited discovery as requested in this letter.