UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRES RUILOVA, HUGO TEXIS, BERTIN ALDO
GARCIA, ISMAEL GUTIERREZ, VALENTIN
VIVAR, ELIZABETH KELLY, STACEY SAMUEL,
STEPHANIE PEREZ, EVAN MILHO, JAMAL KHAN,
KEVIN O'BRIEN and CHUCK REYNOLDS, *on behalf
of themselves, FLSA Collective Plaintiffs and the Class,*

                            Plaintiffs,

                  -against-

443 LEXINGTON AVENUE, INC. d/b/a DAVIO'S,
75 ARLINGTON STREET, INC. d/b/a DAVIO'S,
ONE PATRIOT PLACE, LLC d/b/a DAVIO'S,
151 GRANITE STREET LLC d/b/a DAVIO'S,
55 BOYLSTON STREET LLC d/b/a DAVIO'S,
427 WALNUT STREET LLC d/b/a DAVIO'S,
111 S. 17TH STREET, INC. d/b/a DAVIO'S,
201 MAIN STREET LLC d/b/a DAVIO'S
and STEVE DIFILLIPPO,

                           Defendants.

Case No. 19-cv-05205 (AJN)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(MASSACHUSETTS & PENNSYLVANIA DEFENDANTS ONLY)**

March 12, 2020

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT _____ 1

BACKGROUND _____ 2

ARGUMENT _____ 5

   a)   Each of the Massachusetts Defendants Has a Principal Place of Business Solely in
Massachusetts. Each of the Pennsylvania Defendants Has a Principal Place of Business Solely
in Pennsylvania. Each of the Plaintiffs Was Employed by One Discreet Individualized
Location and Never Crossed State Lines _____ 5

   b)   The Plaintiffs Must Show That the Court Has Either General Jurisdiction or Specific
Jurisdiction Over Each Defendant in Order to Establish That the Court Has Personal
Jurisdiction Over Each Defendant_____ 6

   c)   This Court Does Not Have General Jurisdiction Over the Massachusetts Defendants or the
Pennsylvania Defendants _____ 6

   d)   This Court Does Not Have Specific Jurisdiction Over the Massachusetts Defendants or
the Pennsylvania Defendants _____ 7

   e)   The Due Process Requirements of the Fourteenth Amendment of the United States
Constitution Do Not Permit Jurisdiction Over the Massachusetts Defendants or the
Pennsylvania Defendants _____ 12

   f)   An Alleged Single Integrated Enterprise Does Not Create Personal Jurisdiction Over the
Massachusetts Defendants or Pennsylvania Defendants_____ 13

IV.  CONCLUSION _____ 21

# TABLE OF AUTHORITIES

*Cases*

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) __ 10

*Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014)_____ 13

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d. Cir. 2007) _____ 16

*Bristol-Myers Squibb Co., v. Superior Court*, 137 S.CT. 1773, 1779-80 (2017) ___ 10, 11, 12, 13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-474 (1985) _____ 13

*Burton Selman v. Harvard Med. Sch.*, 636 F.2d 1204 (2d Cir. 1980) _____ 13

*Carter v Dutchess Community College*, 735 F.2d 8, 12 (2d. Cir. 1984)_____ 21

*Cent. States Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) _____ 22

*Clinton's Ditch Co-Op Co. vs N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985) _____ 19

*Continental Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 770 (2d Cir. 2014) _____ 16

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) _____ 10, 11

*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3D 81, 84 (2d Cir 2001) _____ 10

*Dong Chul Kim v. Harte Hanks, Inc*, 2019 WL 6529316 (December 4, 2019) _____ 16, 18, 24

*E.E.O.C. v AMX Commc'ns, Ltd.*, No. CIV. WDQ-09-2483, 2011 WL 3555831, at *6 (D. Md. August 8, 2011)_____ 22

*E.E.O.C. v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 525-26 (S.D. Tex. 2012) __ 22

*Gilbert v Freshbikes, LLC*, 32 F. Supp. 3d 594, 603-04 D. Md. (2014)_____ 20

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985)_____ 16

*In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) _____ 10

*Ins. Corp. of Ireland v. Compagnie des Bouxites de Guine* _____ 6

*International Shoe Co. v. Washington*, 326 U.S. 10, 316 (1945) _____ 13, 17

*Jazini v. Nissan Motor Co.*, 148 F. 3d. 181, 184 (2d. Cir 1998)_____ 24

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33 (1990) _____ 15

*Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013) _____ 12, 24

*Mendez v. Pure Food Management Group, Inc.*, (USDC Conn. 3:14-CV-1515) (SRU, 2016)_ 23

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d, 560, 566 (2d Cir. 1996) _____ 10

*PDK Labs v. Friedlander*, 103 F.3d, 1105, 1108 2d. Cir. (1997)_____ 14

*Pennoyer v. Neff*, 95 U.S. 714 (1877) _____ 23

*Pettenato v. Beacon Health Options*, 2019 WL 5587335 (10/25/2019)_____ 18, 24

*Selman v. Harvard Med. Sch.*, 494 F. Supp. 603, 613 (S.D.N.Y.) aff'd sub nom _____ 13

*Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) _____ 12, 24

*Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010) _____ 14

*Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917) _____ 16

*Tese-Milner v. DeBeers Centenary A.G.*, 613 F. Supp. 2d 404, 414 (S.D.N.Y. 2009) _____ 22

*Walden v. Fiore*, 571 U.S. 277, 283, (2014)_____ 17

*Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1153-54 (D.N.M. 2011) _ 22

**Statutes**

N.Y. C.P.L.R. 301 and 302 _____ 18, 24

N.Y. C.P.L.R. 302_____ 14, 15

The United States Constitution, Fourteenth Amendment _____ 16, 17

## PRELIMINARY STATEMENT

Now come the Defendants, 75 ARLINGTON STREET, INC., ONE PATRIOT PLACE, LLC, 151 GRANITE STREET, LLC, 55 BOYLSTON STREET, LLC, and 427 WALNUT STREET, LLC, (jointly referred to as the "Massachusetts Defendants"), together with 111 S. 17th STREET, INC. and 201 MAIN STREET, LLC (collectively referred to as the "Pennsylvania Defendants") and hereby submit this request ("Request"), pursuant to Rule 12(b)(2), to dismiss the Complaint as it relates to the Massachusetts Defendants and the Pennsylvania Defendants for lack of personal jurisdiction.[1]

This Court does not have personal jurisdiction over the Massachusetts Defendants and the Pennsylvania Defendants, and as such, these Defendants must be dismissed from the Complaint. These Defendants, in a separately filed Motion to Stay Discovery Related to the Pennsylvania Defendants and the Massachusetts Defendants, are requesting that the Court stay discovery as it relates to these Defendants. In addition, the Massachusetts Defendants and the Pennsylvania Defendants are opposing conditional collective certification on the basis that this Court lacks jurisdiction over them. The Defendants' objection to conditional collective certification will be set forth separately in the Defendants' Opposition to Motion for Conditional Collective Certification. Nothing contained herein should be construed by the Court to be a waiver of any defenses to conditional collective certification by these Defendants.

Defendants have the right to bring this Request at this time. The Defendants raised lack of personal jurisdiction as an Affirmative Defense in their Answer. *See* ECF 27 at Affirmative

---

1 This Request does not seek to dismiss the Complaint as it relates to 443 Lexington Ave, Inc., the New York Defendant, nor does it seek Dismissal on behalf of Steve DiFillippo, the individual defendant. The failure to move for dismissal pursuant to Rule 12(b)(2) of these remaining Defendants should not be interpreted by the Court to be an admission of liability, which such liability is absolutely and unequivocally denied by these remaining Defendants. The Request is meant to test the personal jurisdiction claimed by the Plaintiffs over the Massachusetts Defendants and Pennsylvania Defendants only, as raised by the Defendants in their Answer (ECF 27 at Affirmative Defense 26).

Defense 26. Shortly after the Defendants filed their Answer, this matter was stayed so that the Parties could attempt to resolve the matter through mediation. When mediation was unsuccessful, the Stay Order, previously entered by this Court, was lifted on February 20, 2020. The Defendants now, on a timely basis, raise the issue of personal jurisdiction based upon the allegations in the Complaint and the declarations that the Plaintiffs recently filed.[2] *See* ECF Documents 56-65. Raising the personal jurisdiction issue at this juncture also makes sense because the Plaintiffs recently filed their Motion for Conditional Collective Certification and served extensive discovery on all of the Defendants. A determination by this Court on the jurisdictional issue will determine the contours, if any, of conditional certification, and the contours, if any, of discovery. Accordingly, the Defendants have raised the issue of personal jurisdiction on behalf of the Massachusetts Defendants and the Pennsylvania Defendants early in the proceeding to resolve the jurisdictional issue over the Massachusetts Defendants and Pennsylvania Defendants who are not properly before this Court. *See Ins. Corp. of Ireland v. Compagnie des Bouxites de Guine*, 456 U.S. 694, 703 (1982).

## BACKGROUND

The Plaintiffs seek to bring a Collective Action pursuant to the FLSA and a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Plaintiffs' Complaint speaks in four (4) counts. Count one (1) is for the alleged violation of the Fair Labor Standards Act (against all Defendants); count two (2) is for the alleged violation of the New York Labor Law (this count relates only to the New York Defendant); count three (3) is for the alleged violation of the Massachusetts Fair Wage Law (this count relates only to the Massachusetts Defendants),

---

[2] Andres Ruilova, Hugo Texis, Bertin Aldo Garcia, Ismael Gutierrez, Valentin Vivar, Elizabeth Kelly, Stacy Samuel, Stephanie Perez, Evan Milho, Jamal Khan, Kevin O'Brien and Chuck Reynolds (collectively, "Plaintiffs").

and count four (4) is for alleged violation of the Pennsylvania Minimum Wage Law (this count relates only to the Pennsylvania Defendants).[3]

The Defendants deny the allegations made against each of them and, should this matter proceed, will prove through credible evidence, including documentation signed by the Plaintiffs and putative class members, which has been maintained in their employee files and shows that the Plaintiffs and putative class members were fully informed of all policies relating to tips, meal breaks and uniforms and that the Defendants fully complied with all applicable laws. In addition, not only do the Plaintiffs have no likelihood of success on the merits of their claims, as further explained below, because of the individualized analysis of claims required and individualized defenses the Defendants will assert in this matter should it proceed, the Plaintiffs will not be able to satisfy the procedural pre-requisites pursuant to Fed. R. Civ. P. 23 to proceed with their claims on a class wide basis or to survive a motion for decertification pursuant to the FLSA.

The Complaint alleges that there are twelve (12) Plaintiffs (see paragraphs 8-19 inclusive of the Complaint); five (5) Plaintiffs are alleged to live in New York (see paragraph 8-12); four (4) Plaintiffs are alleged to live in Massachusetts (see paragraphs 13-16); one (1) Plaintiff is alleged to live in Pennsylvania (see paragraph 17); and two (2) Plaintiffs are alleged to live in New Jersey (see paragraphs 18 & 19). The Complaint, as set forth in paragraph 20, alleges that the Corporate Defendants consist of one (1) location in New York City, five (5) locations in Massachusetts and two (2) locations in Pennsylvania[4].

---

[3] Plaintiffs allege that the individual Defendant Steve DiFillippo, is liable on each of these claims in addition to the Corporate Defendants.

[4] Defendants, 443 Lexington Ave, Inc. d/b/a Davio's, 75 Arlington Street, Inc. d/b/a Davio's, One Patriot Place, LLC d/b/a Davio's, 151 Granite Street LLC d/b/a Davio's, 427 Walnut Street LLC d/b/a Davio's, 111 S. 17th Street, Inc. d/b/a Davio's, 201 Main Street, LLC d/b/a Davio's and 55 Boylston Street, LLC d/b/a Davio's are collectively referred to herein as the "Corporate Defendants".

The Corporate Defendants (excluding 55 Boylston Street LLC) are all independent, single purpose entities which own and operate restaurants known as "Davio's Northern Italian Steakhouse" ("Davio's").[5] The only Defendant that the Plaintiffs allege has its home in the State of New York is Corporate Defendant, 443 Lexington Ave., Inc., which the Plaintiffs allege, "is a domestic business corporation organized under the laws of the State of New York with its principal place of business located at 447 Lexington Ave., New York, NY". *See* Complaint, ¶ 22.

The five (5) Corporate Defendants from Massachusetts: 75 Arlington Street, Inc. d/b/a Davio's ("Davio's Boston"), One Patriot Place, LLC d/b/a Davio's ("Davio's Foxborough"), 151 Granite Street LLC d/b/a Davio's ("Davio's Braintree"), 427 Walnut Street LLC d/b/a Davio's ("Davio's Lynnfield") and 55 Boylston Street LLC d/b/a Davio's ("55 Boylston") are all alleged by the Plaintiffs in their Complaint to be entities organized under the laws of the State of Massachusetts, with their principal places of business located in Massachusetts. *See* Complaint, ¶¶ 23-27. Accordingly, each of the Massachusetts Defendants have Massachusetts as their "home state".

The two (2) Corporate Defendants from Pennsylvania: 111 S. 17th Street, Inc. d/b/a Davio's ("Davio's Philadelphia") and 201 Main Street, LLC d/b/a Davio's ("Davio's King of Prussia") are alleged by the Plaintiffs in their Complaint to be entities organized under the laws of the Commonwealth of Pennsylvania, with principal places of business in Pennsylvania. *See* Complaint, ¶¶ 28-29. Accordingly, each of the Pennsylvania Defendants have Pennsylvania as their "home state".

---

[5] 55 Boylston Street, LLC d/b/a Davio's is a Massachusetts entity. It does not operate a restaurant and has no employees.

## ARGUMENT

**A.    Each of the Massachusetts Defendants Has a Principal Place of Business Solely in Massachusetts. Each of the Pennsylvania Defendants Has a Principal Place of Business Solely in Pennsylvania. Each of the Plaintiffs Was Employed by One Discreet Individualized Location and Never Crossed State Lines**

As can be seen by the allegations contained in the Plaintiffs' Complaint, each of the Massachusetts Defendants are located and have their principal place of business solely in Massachusetts and each of the Pennsylvania Defendants are located in and have their principal place of business solely in Pennsylvania. These facts of the Complaint are undisputed for purposes of this Request. In addition, the Defendants moving parties take as true, for the purpose of this Request:

1. Plaintiff Andres Ruilova was employed at 447 Lexington Ave., New York, NY. *See* ECF Document 56, ¶ 1;

2. Plaintiff Bertin Aldo Garcia was employed at 447 Lexington Ave., New York. *See* ECF Document 57, ¶ 1;

3. Plaintiff Chuck Reynolds was employed at 111 S. 17th Street, Philadelphia, PA. *See* ECF Document 58, ¶ 1;

4. Plaintiff Elizabeth Kelly was employed at 75 Arlington Street, Boston, MA. *See* ECF Document 59, ¶ 1;

5. Plaintiff Hugo Texis was employed at 447 Lexington Ave., New York, NY. *See* ECF Document 60, ¶ 1;

6. Plaintiff Ismael Gutierrez was employed at 447 Lexington Ave., New York, NY. *See* ECF Document 61, ¶ 1;

7. Plaintiff Jamal Khan was employed at 111 S. 17th Street, Philadelphia, PA. *See* ECF Document 62, ¶ 1;

8. Plaintiff Kevin O'Brien was employed at 111 S. 17th Street, Philadelphia, PA. *See* ECF Document 63, ¶ 1;

9. Plaintiff Stacy Samuel was employed at 55 Boylston Street, Chestnut Hill, MA. *See* ECF Document 64, ¶ 1;

10. Plaintiff Valentin Vivar was employed at 447 Lexington Ave., New York, NY. *See* ECF Document 65, ¶ 1;

As Plaintiffs' Complaint and Plaintiffs' Declarations make abundantly clear, the Plaintiffs worked exclusively at discreet individualized locations, in discreet individualized states, and did not provide services to any other Davio's restaurant in any other jurisdiction other than the one location at which each of the Plaintiffs worked in the individual Corporate Defendants' "home" state.

**B.   The Plaintiffs Must Show That the Court Has Either General Jurisdiction or Specific Jurisdiction Over Each Defendant in Order to Establish That the Court Has Personal Jurisdiction Over Each Defendant**

A Plaintiff bears the burden of showing that the Court has personal jurisdiction over a Defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d, 560, 566 (2d Cir. 1996). *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3D 81, 84 (2d Cir. 2001) (citation omitted); accord, *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). The Court must rely solely on pleadings and affidavits. The Plaintiffs are required to make a prima facia showing that the Court possesses personal jurisdiction over each Defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

**C.   This Court Does Not Have General Jurisdiction Over the Massachusetts Defendants or the Pennsylvania Defendants**

The Supreme Court has recognized two (2) types of personal jurisdiction: "General" jurisdiction and "Specific" jurisdiction. *Bristol-Myers Squibb Co., v. Superior Court*, 137 S.CT. 1773, 1779-80 (2017) "only a limited set of affiliations with a forum will render a Defendant amenable to 'General Jurisdiction in a state.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For a corporation, the "paradigm forum for exercise of general jurisdiction" is a place "which the corporation is fairly regarded as at home" *Id*. (citations omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general

jurisdiction" *Id.* (citations omitted). "A Court (with) general jurisdiction may hear any claim against that Defendant even if all of the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co., v. Superior Court*, 137 S.CT. 1773, 1779-80 (2017). Here, however, the Massachusetts Defendants and the Pennsylvania Defendants are not subject to this Court's General Jurisdiction. As alleged in the Complaint, and as acknowledged in the Defendants' Answer, each of the Massachusetts Defendants and the Pennsylvania Defendants are incorporated in states other than the State of New York. Each of the Massachusetts Defendants and the Pennsylvania Defendants maintains its Massachusetts or Pennsylvania address as its headquarters and its principal place of business, all of which are located outside of the State of New York. The "home" forum for each of the Massachusetts Defendants and the Pennsylvania Defendants is a forum other than New York. Thus, this Court does <u>not</u> have General Jurisdiction over the Massachusetts Defendants and the Pennsylvania Defendants. The Court would only, at best, have personal jurisdiction as to the Massachusetts Defendants and the Pennsylvania Defendants with regard to the Plaintiffs' claims if specific jurisdiction exists (which also does <u>not</u> exist in New York for the Massachusetts Defendants and Pennsylvania Defendants).

### D.   This Court Does Not Have Specific Jurisdiction Over the Massachusetts Defendants or the Pennsylvania Defendants

"In order for a state to exercise specific jurisdiction, the suit must arise out of or relate to the Defendants contacts with the forum" *Id.* (citation omitted). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

Here, no such contacts exist as no such activities occurred or are alleged to have occurred in New York. Thus, specific jurisdiction does not exist over the Massachusetts Defendants and

the Pennsylvania Defendants. Federal District Courts, when faced with a Motion to Dismiss for Lack of Personal Jurisdiction, usually and typically engage in a two-part analysis. The Court must find <u>both</u>, that:

1. State law provides "the statutory basis for exercising personal jurisdiction". *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013); and

2. The exercise of personal jurisdiction comports with the Due Process requirements of the United States Constitution. *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014).

In relation to aggregate claims, one must also consider the *Bristol-Myers* case. In *Bristol-Myers*, a group of more than 600 plaintiffs brought a products liability suit against Bristol-Myers Squibb in California State Court. The majority of the plaintiffs were not California residents and Bristol-Myers Squibb was a Delaware corporation headquartered in New York. The United States Supreme Court held that the California Supreme Court did not have specific jurisdiction to entertain the non-residents' claims against Bristol-Myers Squibb because none of the principal events underlying the non-residents claims (the prescribing, purchasing and ingesting of the at issue pharmaceutical) occurred in California. Additionally, "the mere fact that other Plaintiffs were prescribed, obtained and ingested [the pharmaceutical] in California – and allegedly sustained the same injuries as the non-residents – does not allow the State to assert specific jurisdiction over the non-residents' claims" *Id*.

Here, utilizing the standard from *Bristol-Myers*, the Plaintiffs from Massachusetts and the Plaintiffs from Pennsylvania would need to show that they had damages or injuries as a result of events that took place in the State of New York against the Massachusetts Defendants and the Pennsylvania Defendants. The Declarations from the Plaintiffs cited above (ECF Documents 56-

65) demonstrate that the Plaintiffs from each of Massachusetts Defendants and the Pennsylvania

Defendants did not work in, or have any contacts with, the State of New York. Accordingly,

although these non-New York Plaintiffs claim to have the same injuries as the New York

Plaintiffs, such alleged similarity of claims does not allow this Court to exercise Specific

Jurisdiction over the non-New York Plaintiffs' claims against the Massachusetts Defendants and

the Pennsylvania Defendants. *See Bristol-Myers*, 137 S. Ct. 1781.

A Court may exercise Specific Jurisdiction over the non-resident putative class of

Defendants only if: 1) jurisdiction is authorized under the applicable State's Long Arm Statute;

and 2) the exercise of jurisdiction comports with traditional notions of fair play and substantial

justice as embodied in Constitutional Due Process. *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 471-474 (1985). The Constitutional touchstone for determination of whether Specific

Jurisdiction exists remains whether the Defendants purposefully established "minimum contacts"

in the forum State. *International Shoe Co. v. Washington*, 326 U.S. 10, 316 (1945).

The length between the Defendants' alleged contacts with the forum State must be judged

in perspective of the named Plaintiffs' claims, not claims of the potential putative class. *Selman*

*v. Harvard Med. Sch.*, 494 F. Supp. 603, 613 (S.D.N.Y.) aff'd sub nom, *Burton Selman v.*

*Harvard Med. Sch.*, 636 F.2d 1204 (2d Cir. 1980). ("It is clear that the named class individual

himself must satisfy all jurisdictional prerequisites before the action can go forward"). "If

Plaintiff can establish a factual predicate for jurisdiction under the laws of the forum State –

here, New York – then the court must consider whether the exercise of jurisdiction violates Due

Process." *Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL

904650, at *5 (S.D.N.Y. Mar. 7, 2014).

None of the Massachusetts Defendants or the Pennsylvania Defendants have any contacts with the State of New York. The representative Plaintiffs, who claim to have been employees of the Massachusetts Defendants and the Pennsylvania Defendants, all reside in Massachusetts, Pennsylvania and New Jersey, respectively, not New York. It is also clear that none of the Massachusetts Defendants or Pennsylvania Defendants have minimum contacts with the State of New York and have never directly done any business in the State of New York. The Massachusetts Defendants and Pennsylvania Defendants are incorporated in either the Commonwealth of Massachusetts or the Commonwealth of Pennsylvania, they maintain principal places of business at the location of the restaurants they own in Massachusetts or Pennsylvania and they do not have offices, employees, telephone listing, bank accounts or property in the State of New York. Further, they do not carry on regular activities in the State of New York. Therefore, they do not satisfy any of the acts which are enumerated in N.Y. C.P.L.R. 302 as the basis for jurisdiction over a non-domiciliary. *See* N.Y. C.P.L.R. 302.

In federal question cases, when the Defendant or Defendants reside outside the forum state, Federal District Courts apply the forum state's personal jurisdiction rules unless the applicable Federal Statute provides for a nationwide service of process. *See PDK Labs v. Friedlander*, 103 F.3d, 1105, 1108 2d. Cir. (1997); *see also Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). In our case, the FLSA does not provide for a nationwide service of process. Accordingly, New York's personal jurisdiction rules are applicable.

N.Y. C.P.L.R. 302 states:

> (a)  Acts which are the basis of jurisdiction.   As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

> (i)  regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

It is undisputed that the Massachusetts Defendants and Pennsylvania Defendants are not subject to New York's Long Arm jurisdiction by the reading of this statute.

The Massachusetts Defendants and the Pennsylvania Defendants do not have the necessary "minimum contacts" with the State of New York where the exercise of fair play and substantial justice would require them to defend themselves in the State of New York for actions which allegedly took place solely within either Massachusetts or Pennsylvania, with employees located solely in Massachusetts or Pennsylvania. As such, pursuant to New York's Long Arm Statute, the Massachusetts Defendants and the Pennsylvania Defendants must be dismissed from this action. *See* N.Y. C.P.L.R. 302.

N.Y. C.P.L.R. § 301, authorizes the Court to exercise general personal jurisdiction over a corporation if such corporation has "engaged in such a continuous and systemic course of 'doing business' [in New York] that a finding of its 'presence' in this jurisdiction is warranted." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33 (1990). The "doing

business" standard entails a high threshold showing. "A corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related to or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with fair measure of permanence and continuity.'" *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (quoting, *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917) as cited in *Dong Chul Kim v. Harte Hanks, Inc.*, 2019 WL 6529316 (December 4, 2019).

Here, the Massachusetts Defendants and Pennsylvania Defendants do not meet the "doing business" standard as required by New York's Long Arm Statute for jurisdiction to exist. The Court, when analyzing the "totality of the Defendants' activities within the forum," must find that no jurisdiction exists over the Massachusetts Defendants and Pennsylvania Defendants. There is no act established by the Plaintiffs by which the Massachusetts Defendants and Pennsylvania Defendants have purposefully availed themselves of the privilege of conducting activities within the State of New York. Thus, personal jurisdiction is lacking. *See Continental Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 770 (2d Cir. 2014) (summary order) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d. Cir. 2007)).

> **E.    The Due Process Requirements of the Fourteenth Amendment of the United States Constitution Do Not Permit Jurisdiction Over the Massachusetts Defendants or the Pennsylvania Defendants**

The Due Process requirements of the Fourteenth Amendment of the United States Constitution also do not confer jurisdiction in the State of New York, in this instance, over the Massachusetts Defendants and Pennsylvania Defendants[6]. "The Due Process Clause of the

---

[6] Since Long Arm Jurisdiction does not exist under New York law (prong one of the two-part specific jurisdiction test), the Court need not even undertake Constitutional Due Process review. However, this analysis of Constitutional Due Process is included for completeness.

Fourteenth Amendment constrains a state's authority to bind a non-resident defendant to a judgement of its courts." *Walden v. Fiore*, 571 U.S. 277, 283, (2014). A state may authorize its courts to exercise personal jurisdiction over an out of state defendant only if the defendant has "certain minimum contacts with [the State] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As discussed above, the Massachusetts Defendants and the Pennsylvania Defendants do not have sufficient contacts with the State of New York for that forum to exercise of personal jurisdiction over them. Thus, with no contacts with the forum state, it would be patently unfair to require defense of non-New York claims asserted against the Massachusetts Defendants and Pennsylvania Defendants in New York. Accordingly, not only does the New York Long Arm Statute not confer jurisdiction, but the Due Process requirements of the Fourteenth Amendment of the United Stated Constitution would be offended by the New York Courts exercising jurisdiction over the Massachusetts Defendants and Pennsylvania Defendants in this matter.

### F. An Alleged Single Integrated Enterprise Does Not Create Personal Jurisdiction Over the Massachusetts Defendants or Pennsylvania Defendants

In an attempt to circumvent the lack of personal jurisdiction over the Massachusetts Defendants and Pennsylvania Defendants, the Plaintiffs allege, in essence, that all of the Defendants constitute a single integrated enterprise and that Defendants used tactics that relied upon the formality of separate corporate entities to underpay workers. This theory, as a basis to create personal jurisdiction over the Massachusetts Defendants and Pennsylvania Defendants, fails. Joint enterprise or joint employer theory is not sufficient to establish personal jurisdiction over the Massachusetts Defendants and the Pennsylvania Defendants. In the current instance, the Massachusetts Defendants and Pennsylvania Defendants have <u>no</u> contacts whatsoever with New

York and the claims articulated (against Massachusetts Defendants and Pennsylvania Defendants, counts 3 and 4, respectively) do not arise out of contacts with the State of New York. The Complaint does not allege any specific contact between the Massachusetts Defendants or Pennsylvania Defendants and the State of New York, let alone any contacts sufficient to satisfy New York Long Arm Statute (N.Y. C.P.L.R. 301 and 302) and the Constitutional Due Process requirements.

Other New York Courts, when faced with the same proposition, have found in like circumstances that the single integrated enterprise theory does <u>not</u> create personal jurisdiction. *See Dong Chul Kim v. Harte Hanks, Inc.*, 2019 WL 6529316 (12/04/2019); *Pettenato v. Beacon Health Options*, 2019 WL 5587335 (10/25/2019). In both of these cases, the Court found that because the Court lacked General Jurisdiction over the Defendant employer, that each Plaintiff had to establish Specific Jurisdiction over then Defendant as to his or her claim. In those cases, as here, non-New York Defendants did not transact business in the State of New York and, in each instance, the Court found that the Plaintiffs' reliance on the single integrated enterprise theory to create jurisdiction was misplaced.

The Court in *Pettenato*, found that the Plaintiffs had to establish that: (1) the Defendant transacts business in New York; and (2) the Plaintiffs' cause of action arose from such business transaction in New York. The Court found that there was no "affiliation between [New York] and the underlying controversy" with respect to the out of state Plaintiffs. *See Pettenato* at *4-5. The Court, in *Pettenato*, looked at both the New York Long Arm Statute and Due Process Clause to determine whether there was a sufficient nexus between the plaintiffs' (employees') claims, which were alleged to have taken place entirely outside of the State of New York, and the activities claimed to be undertaken within the State of New York. As in the case at hand, the

14

Court found that the activities alleged to have taken place in the State of New York were lacking. As such, in our case, where the Massachusetts Defendants and Pennsylvania Defendants have had no contacts with the State of New York, and with the claimed activities giving rise to the non-New York Plaintiffs claims having allegedly taken place in either Massachusetts or Pennsylvania exclusively, the Court here cannot exercise jurisdiction over the Massachusetts Defendants and Pennsylvania Defendants.

The same conclusion was reached by the Court in the *Dong Chul Kim* case, *supra*. The Plaintiffs in that case could not establish that the out of state defendants had "continuous and systematic contact with New York such that they were home in New York." That Court further found that the actions claimed to have taken place out of state did not give rise to specific jurisdiction in New York." In both of these cases, the Court rejected a claim of personal jurisdiction based on a single integrated enterprise theory as conferring otherwise lacking jurisdiction. In the current case before this Court, the same conclusion must be reached.

The Plaintiffs in their Complaint seem to be alleging that the Defendants together are "joint employers" and that they constitute a "single integrated enterprise". The distinction between joint employers and single integrated enterprise theories exist, but these theories are often blurred in their distinction. *Clinton's Ditch Co-Op Co. vs. N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985) articulated the difference:

> A "single employer" situation exists where two (2) nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer. The single employer standard is relevant when separate corporations are not what they appear to be, that in truth they are but divisions or departments of the single enterprise…
> … in contrast, in a "joint employer" relationship, there is no single integrated enterprise. A conclusion that employers are "joint" assumes that they are separate legal entities, but they have merely chosen to handle certain aspects of their employer-employee relationship jointly. 778 F.2d 132, 137 (2d. Cir. 1985) (citations and quotations omitted)

The Plaintiffs in this case seem to be proceeding under a single integrated enterprise theory in the conceptualization from *Clinton's Ditch*. Although the Plaintiffs allege that different states of incorporation, different principal places of business and the different homes for each of the Corporate Defendants, the Plaintiffs, in their Complaint, attempt to treat the Corporate Defendants, wherever located, to be one single enterprise. Here, however, we have sworn declarations submitted by the Plaintiffs (ECF Documents 56-65) that specifically state that each of the Plaintiffs worked exclusively at one (1) location and that these locations were in disparate states. Accordingly, the joint employer theory fails based on the facts alleged in the Complaint and the Plaintiffs' Declarations, which show no cross-border sharing of employees.

Further, these theories (joint employers and single integrated enterprise) generally arise in discussions of <u>liability</u>, not in discussions of <u>personal jurisdiction</u>. *Clinton's Ditch*, by example, arose under the National Labor Relations Act rather than as here where the claim is made pursuant to the FLSA. Some courts have implied that different tests would affect different statutory purposes. *Gilbert v Freshbikes, LLC*, 32 F. Supp. 3d 594, 603-04 D. Md. (2014) ("the FSLA employs a different test than Title VII for determining when two separate entities constitute a single enterprise for purposes of liability.")

It is clear from the claims made in the Compliant that the Plaintiffs are not alleging state law jurisdiction on counts 2, 3 and 4. The Plaintiffs are not trying to hold the Massachusetts Defendants liable under New York's Labor Law, as alleged in count 2. Likewise, the Massachusetts Defendants are not being claimed liable on count 4 which is an alleged violation of the Pennsylvania Minimum Wage Law. Here, the Plaintiffs are seeking to hold all of the Massachusetts Defendants and Pennsylvania Defendants liable on count 1, the Fair Labor Standards Act claim. In order to be liable pursuant to that claim, the Plaintiffs must first prove

whether there is an employment relationship for purposes of the FLSA with each particular Defendant. The Courts of the Second Circuit have utilized a four-factor test (where no factor is dispositive or always necessary). This test, sometimes referred to as the "economic reality" test, asks whether an employer: (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Carter v Dutchess Community College*, 735 F.2d 8, 12 (2d. Cir. 1984).

The four-factor test which determines whether there is an employment relationship between each Plaintiff and each Defendant pursuant to the FLSA is generally utilized in the context of two (2) allegedly joint employers or when there is a question whether the relevant employer is the corporate parent of its subsidiary. In the current case, however, we are faced with the issue of whether a single integrated enterprise theory is effective by trying to encompass multiple parties from multiple states. The problem with the Plaintiffs' argument, however, is that a single integrated enterprise theory and the four-factor (economic reality) test is a test for liability and not a theory or test for personal jurisdiction. Personal jurisdiction is a threshold question that must be established for each Defendant as a general principal of jurisdictional doctrine without regard to whether each Defendant might ultimately constitute a single integrated enterprise for purposes of liability.

In other words, for a single integrated enterprise to be found (which Defendants deny), the Court must first hear the evidence of whether a single integrated enterprise exists. In order to hear such evidence and apply it to the Massachusetts Defendants and Pennsylvania Defendants, the Court must first have established jurisdiction over the Massachusetts Defendants and Pennsylvania Defendants in order to potentially make such a legal conclusion after hearing all of

17

the facts of the case. Implicit in this analysis is the need first to find that there is jurisdiction over each of the Defendants alleged to be part of a single integrated enterprise. For purposes of this matter, that means that this Court would need to have jurisdiction over the Massachusetts Defendants and Pennsylvania Defendants before the Plaintiffs could seek to introduce evidence and prove such a relationship. The relationship itself does not subject a party to jurisdiction. "Jurisdiction and liability are… separate inquiries" *Cent. States Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000).

"That a Defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised". *Id*. If a Defendant does not have sufficient minimum contacts with the forum, the personal jurisdiction analysis ends "without examining the Plaintiffs causes of action" *Id*. 944-45. The laws on which the suit is based are irrelevant to the jurisdictional inquiry "because a state or federal statute cannot transmogrify insufficient minimum contacts into personal jurisdiction and make those contacts elements of a cause of action" *Id*. 945. That "would violate Due Process" *Id*..; *see also E.E.O.C. v AMX Commc'ns, Ltd.*, No. CIV. WDQ-09-2483, 2011 WL 3555831, at *6 (D. Md. August 8, 2011); *E.E.O.C. v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 525-26 (S.D. Tex. 2012) ("The integrated enterprise theory… is a liability standard… not a jurisdictional standard); *Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1153-54 (D.N.M. 2011) ("The single integrated-enterprise theory derives from federal law regarding Title VII, a different body of law than the law regarding minimum contacts"); *Tese-Milner v. DeBeers Centenary A.G.*, 613 F. Supp. 2d 404, 414 (S.D.N.Y. 2009) ("The Court has not encountered, and the Plaintiff does not offer any legal support for the concept that 'integrated enterprise' has any legal meaning for the purposes of the relevant personal jurisdiction law").

In *Mendez v. Pure Food Management Group, Inc.*, (USDC Conn. 3:14-CV-1515) (SRU, 2016) the Court noted that:

> One Judge in the Western District of Pennsylvania collected cases with both jurisdictional outcomes and concluded that the "group of decision in which the courts recognized the joint employer theory and similar concepts are relevant for <u>determining liability, but are not for determining whether a court may exercise personal jurisdiction over a party</u>", "was more persuasive". <u>Enter. Rent-A-Car Wage & Hour Empl. Practices Litig. v. Enter. Rent-A Car Co.</u>, 735 F. Supp. 2d. 277, 319, 326-28 (W.D. Pa. 2010) (collecting cases). (emphasis added)

*Mendez* further noted "[p]ersonal jurisdiction is a threshold question, and it is a question that since the 19th century has been a constitutional dimension." e.g. *Pennoyer v. Neff*, 95 U.S. 714 (1877) (applying a Due Process analysis to personal jurisdiction).

The Court, in *Mendez*, further noted that

> Congress or a State Legislature might make the choice to allow a stricter or more relaxed standard for what constitutes an 'employer' for purposes of liability, and we might thereby end up with various tests (as we have) for determining an employer relationship under different statutes. But legislatures do not have the same flexibility to fashion a more relaxed standard of personal jurisdiction". Therefore, none of the possible "single integrated enterprise" or "dual employer" tests where might be appropriate for determining employer liability at a later stage of this litigation- are appropriate for determining in the first instance whether the court can exercise personal jurisdiction over the (out of state) non-Connecticut Defendants. That determination must be made according to the ordinary personal jurisdiction doctrine.

Here, in the case before this Court, the Plaintiffs are arguing that the commonality of ownership subjects foreign non-New York Defendants to jurisdiction. This is akin to the argument often made in the subsidiary-corporation veil piercing situation, where it is often argued that ownership by a parent corporation of the subsidiary corporation present in the foreign state should prescribe personal jurisdiction in that forum. Courts, however, have rejected this line of argument. It is fundamental that the ownership by a parent corporation of a subsidiary corporation present in a foreign state generally does not subject the parent corporation to

personal jurisdiction in that forum. *See Jazini by Jazini v. Nissan Motor Co.*, 148 F. 3d. 181, 184 (2d. Cir 1998) ("…the presence of the subsidiary alone does not establish the parents' presence in the state").

The Plaintiffs in this case are, in essence, arguing for veil piercing utilizing the single integrated or joint employer <u>liability</u> tests. However, the basis for the claim cannot alter the jurisdictional question which remains whether these alleged single integrated entities, which are legally separate persons from foreign states that have no contacts with the State of New York, are subject to the jurisdiction of New York.

The Plaintiffs cannot make out the jurisdictional threshold that they are required to make as it relates to the Massachusetts Defendants and Pennsylvania Defendants. The FLSA does not provide for nationwide service of process and the Massachusetts Defendants and Pennsylvania Defendants do not have their "home" in the State of New York. Thus, the exercise of personal jurisdiction over them would only be proper if jurisdiction existed as to each of them as a result of Specific Jurisdiction which would require: (1) compliance with the New York Long Arm Statute (N.Y. C.P.L.R. 301 and 302) <u>and</u>; (2) the exercise of jurisdiction that would comport with the Constitutional Due Process requirements. Neither jurisdictional pre-requisite, both of which the Plaintiffs need to establish over the Massachusetts and Pennsylvania entities, are found here. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014); *Pettenato v. Beacon Health Options*, 2019 WL 5587335 (10/25/2019); *Dong Chul Kim v. Harte Hanks, Inc*, 2019 WL 6529316 (12/04/2019). As such, the Plaintiffs have failed to make out their required prima fascia showing of personal jurisdiction over the Massachusetts Defendants and the Pennsylvania Defendants.

## **CONCLUSION**

WHEREFORE, the Massachusetts Defendants and the Pennsylvania Defendants should be dismissed from this case due to a lack of personal jurisdiction and their request for dismissal from this case should be granted in its entirety.

Dated: New York, New York
March 12, 2020

Respectfully Submitted,

By: /s/ Jonathon D. Friedmann, Esq.
Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

-and-

By: /s/ Scott G. Grubin, Esq.
Scott G. Grubin, Esq.
Rita Lenane-Massey, Esq.
BARTON LLP
711 Third Avenue, 14th Floor
New York, NY 10017
Tel.: (212) 687-6262
sgrubin@bartonesq.com
rlmassey@bartonesq.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on March 12, 2020 with the Clerk of the United States District Court, Southern District of New York, using its electronic case filing system, CM/ECF, thereby serving all counsel of record in this case.

Michael C. Ward, Esq.