UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRES RUILOVA, HUGO TEXIS, BERTIN ALDO GARCIA, ISMAEL GUTIERREZ, VALENTIN VIVAR, ELIZABETH KELLY, STACEY SAMUEL, STEPHANIE PEREZ, EVAN MILHO, JAMAL KHAN, KEVIN O'BRIEN and CHUCK REYNOLDS, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,* | Case No. 19-cv-05205 (AJN) |

Plaintiffs,

-against-

443 LEXINGTON AVENUE, INC. d/b/a DAVIO'S,
75 ARLINGTON STREET, INC. d/b/a DAVIO'S,
ONE PATRIOT PLACE, LLC d/b/a DAVIO'S,
151 GRANITE STREET LLC d/b/a DAVIO'S,
55 BOYLSTON STREET LLC d/b/a DAVIO'S,
427 WALNUT STREET LLC d/b/a DAVIO'S,
111 S. 17TH STREET, INC. d/b/a DAVIO'S,
201 MAIN STREET LLC d/b/a DAVIO'S
and STEVE DIFILLIPPO,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STAY DISCOVERY RELATED TO THE
PENNSYLVANIA DEFENDANTS AND MASSACHUSETTS DEFENDANTS**

March 12, 2020

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................................... 1

PROCEDURAL HISTORY .............................................................................................................. 2

    a)   Case Status ........................................................................................................................ 2

    b)   Discovery ........................................................................................................................... 4

ARGUMENT ................................................................................................................................... 6

CONCLUSION ............................................................................................................................... 11

## TABLE OF AUTHORITIES

*Cases*

*Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014) _____ 7, 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-474 (1985) _____ 7

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) _____ 7

*Dong Chul Kim v. Harte Hanks, Inc.*, No. 19 CIV. 1920 (KPF), 2019 WL 6529316, at *7 (S.D.N.Y. Dec. 4, 2019) _____ 8

*International Shoe Co. v. Washington*, 326 U.S. 10, 316 (1945) _____ 8

*Selman v. Harvard Med. Sch.*, 494 F. Supp. 603, 613 (S.D.N.Y.), aff'd sub nom. *Burton Selman v. Harvard Med. Sch.*, 636 F.2d 1204 (2d Cir. 1980) _____ 8, 10

*Statutes*

29 U.S.C, §§ 201, *et. seq* _____ 2

Fed. R. Civ. P. 12(b)(2) _____ 1

Fed. R. Civ. P. 23 _____ 2

Fed. R. Civ. P. 4(k)(1)(A) _____ 7

N.Y. C.P.L.R. 301 and 302 _____ 1, 9

## PRELIMINARY STATEMENT

Now come the Defendants, 443 Lexington Ave, Inc. d/b/a Davio's ("Davio's NY"), 75 Arlington Street, Inc. d/b/a Davio's ("Davio's Boston MA"), One Patriot Place, LLC d/b/a Davio's ("Davio's Foxborough MA"), 151 Granite Street LLC d/b/a Davio's ("Davio's Braintree MA"), 55 Boylston Street LLC d/b/a Davio's ("55 Boylston MA"), 427 Walnut Street LLC d/b/a Davio's ("Davio's Lynnfield MA"), 111 S. 17th Street, Inc. d/b/a Davio's ("Davio's Philadelphia PA"), 201 Main Street, LLC d/b/a Davio's ("Davio's King of Prussia PA") (collectively, the "Corporate Defendants")[1][2][3], and Steve DiFillippo ("Individual Defendant") (Corporate Defendants and Individual Defendant, collectively "Defendants") by and through their attorneys, and hereby respectfully request that this honorable Court stay discovery related to the Pennsylvania Defendants and the Massachusetts Defendants.

As grounds therefore, and as further explained below and in Defendants' Request to Dismiss the Pennsylvania Defendants and Massachusetts Defendants ("Request to Dismiss") from this action, this honorable Court does not have general jurisdiction over the Non-NY Defendants and specific jurisdiction over the Non-NY Defendants does not exist, as the Non-NY Defendants do not satisfy any of the acts which provide a basis for jurisdiction pursuant to N.Y. C.P.L.R. 301 and 302, and the exercise of same would offend the traditional notions of fair play and substantial justice embodied in the Due Process Clause of the Constitution. Accordingly, discovery propounded upon the Non-NY Defendants should be stayed until this honorable Court rules on the Defendants' Request to Dismiss.

---

[1]      Davio's Boston MA, Davio's Foxborough MA, Davio's Braintree MA, 55 Boylston MA, and Davio's Lynnfield MA are collectively referred to herein as the "Massachusetts Defendants".

[2]      Davio's Philadelphia PA and Davio's King of Prussia PA are collectively referred to herein as the "Pennsylvania Defendants".

[3]      The Massachusetts Defendants and the Pennsylvania Defendants are collectively referred to herein as the "Non-NY Defendants".

## PROCEDURAL HISTORY

The Plaintiffs, Andres Ruilova ("Ruilova - NY"), Hugo Texis ("Texis - NY"), Bertin Aldo Garcia ("Garcia – NY"), Ismael Gutierrez (Gutierrez – NY),Valentin Vivar ("Vivar – NY"), Elizabeth Kelly ("Kelly – Boston"), Stacy Samuel ("Samuel – CH"), Stephanie Perez ("Perez – Braintree"), Evan Milho ("Milho – Foxborough"), Jamal Khan ("Khan – Philadelphia"), Kevin O'Brien ("O'Brien – Philadelphia") and Chuck Reynolds ("Reynolds – Philadelphia") (Collectively, "Plaintiffs") assert claims against the Defendants, on behalf of themselves and others they claim as similarly situated to them, pursuant to the Fair Labor Standards Act, 29 U.S.C, §§ 201, *et. seq.* ("FLSA") and Federal Rule of Civil Procedure 23.[4]

### a)  Case Status

On June 3, 2019, the Plaintiffs filed their Class and Collective Action Complaint ("Complaint") in the above-captioned matter. The Complaint contains Four (4) Counts: Count I – Violation of the FLSA; Count II – Violation of the New York Labor Law; Count III – Violation of the Massachusetts Fair Wage Law; and Count IV – Violation of the Pennsylvania Minimum Wage Act. The Defendants filed their Answer and Affirmative Defenses on September 27, 2019. ECF No. 27.[5]

On October 4, 2019, the Parties filed their Civil Case Management Plan and Scheduling Order. On October 18, 2019, the Defendants requested permission from the Court to take limited discovery from the Plaintiffs before briefing on conditional certification began. On October 31,

---

[4]     The Plaintiffs seek to bring a Collective Action pursuant to the FLSA and a Class Action pursuant to Federal Rule of Civil Procedure 23 against the Defendants for wage and hour violations primarily based on three (3) theories: (i) use of an improper tip credit; (ii) use of an improper meal break deduction; and (iii) use of an improper uniform deduction.

[5]     Defendants' Affirmative Defense No. 26 stated: "The Court lacks personal jurisdiction over all Defendants except 443 Lexington Ave, Inc." Defendants' Affirmative Defense No. 27 stated: "Plaintiffs are barred from pursuing their claims in the Southern District of New York because venue is improper with respect to all Defendants except 443 Lexington Ave, Inc."

2019, the Court issued an order denying the Defendants' request for pre-conditional certification discovery. Plaintiffs' opening brief for conditional certification was scheduled to be due on November 1, 2019, but on October 29, 2019, the Parties filed a joint letter with the Court seeking a two-week extension to explore the possibility of mediation. On November 13, 2019, the Parties filed a subsequent joint letter with the Court seeking a stay of the above-captioned action until a date following the mediation. On November 19, 2019 the Court entered a stay of the above-captioned action and ordered the Parties to file a joint letter with the Court within two-weeks of the mediation informing the Court if the Parties could reach a settlement of the matter. ECF. No. 43 (the "Stay Order").

On February 5, 2020, the Parties attended private mediation in Boston, Massachusetts with mediator Mark L. Irvings, Esq. Mediation was unsuccessful. According to the Stay Order, the Parties were to file a joint letter with the Court by February 19, 2020. At approximately 10:30AM on Friday, February 14, 2020, the Parties agreed to confer on February 18, 2020 to discuss the joint letter to be filed in compliance with the Stay Order. Defendants' counsel, Scott Grubin, Esq., informed Plaintiffs' counsel that he and co-counsel were all traveling and out of the office until February 18, 2020.

However, notwithstanding the Stay Order and despite counsels' conference scheduled for February 18, 2020, Plaintiffs' counsel, C.K. Lee, Esq. ("Attorney Lee"), in what appears to be a bizarre attempt at gamesmanship, submitted a letter to the Court, dated February 14, 2020 [ECF No. 53] (the "Letter"), wherein Plaintiffs unilaterally requested that the Court lift the stay of these proceedings. Plaintiffs' also sought a briefing schedule for their motion that condensed Defendants' time to respond by approximately two (2) weeks less than the time which the Court

3

previously had ordered for opposition to such motion (*i.e.*, about 35 days). ECF No. 34 (Case Management Plan and Scheduling Order).

Later that same day, at approximately 6:20 PM on Friday, February 14, 2020, prior to any further action of this Court and without the Defendants' consent, leading into President's Day Weekend, and after being informed that Defendants' counsel were traveling, Plaintiffs' counsel submitted twelve (12) filings to the Court through the online ECF system, including filing Plaintiffs' Motion for Conditional Collective Certification. On Tuesday, February 18, 2020, the Defendants' filed a letter with the Court in response to the Plaintiffs' puzzling attempt to circumvent the Stay Order, condense Defendants' briefing period by approximately two (2) weeks, and essentially ignore the fact that counsel for the Parties had scheduled to confer prior to filing a joint letter with the Court. ECF No. 66.

On February 19, 2020, after conferring, counsel for the Parties submitted a joint letter to the Court, which was endorsed by the Court on February 20, 2020. ECF Nos. 67 and 68. Defendants' response to Plaintiff's Motion for Conditional Certification is due by March 27, 2020. Plaintiffs' reply is due by April 10, 2020.

> **b) Discovery**

On October 14, 2019, Plaintiffs served Defendants with: (i) Plaintiffs' Notices of Deposition; (ii) Plaintiffs' First Request for Production of Documents; and (iii) Plaintiffs' First Set of Interrogatories ("Plaintiffs' First Discovery Requests"). Copies of Plaintiffs' Discovery Requests are attached as Exhibits A, B and C, respectively, to the Declaration of Scott G. Grubin, Esq., filed herewith. Plaintiffs' First Discovery Requests, much of which is form boilerplate discovery, includes:

1) Notice of examination at oral deposition of the 30(b)(6) witnesses on fifteen (15) different topics for each of the seven (8) named corporate defendants (potentially 120 witnesses);

2) Notice of examination at oral deposition of the individual Defendant, Steve DiFillippo, the CEO of Davio's;

3) Seventeen (17) interrogatories, many with multiple subparts, to each of the nine (9) Defendants (well over 153 interrogatories); and

4) Twenty-Two (22) document requests, many with multiple subparts, to each of the nine (9) Defendants (well over 198 document requests).

As a result of the Stay Order and agreement to mediate early in this action, no discovery or substantive motion practice has been conducted in this matter to date. However, after Plaintiffs unilaterally attempted to condense Defendants' briefing period by approximately two weeks, on February 11, 2019, while the Stay Order was still in effect and prior to conferring with Defendants' counsel, Plaintiffs' Counsel, Daniel Needham, Esq. ("Attorney Needham"), e-mailed Defendants' counsel stating, "[n]ow that the case is back in litigation, we expect responses to the discovery requests that we served on October 14th by March 6, which is 30 days from the date of the mediation." In addition, Attorney Needham requested the names of each 30(b)(6) witness or witnesses for each corporate defendant, as he wanted to start scheduling depositions "ASAP". A copy of Attorney Needham's February 11, 2019 e-mail is attached as Exhibit D to the Declaration of Scott G. Grubin, Esq., filed herewith.

On Friday, February 28, 2019, counsel for the Parties conferred regarding discovery. Although not required by local rule, Defendants' counsel sought to confer and narrow the scope of any discovery disputes prior to seeking Court intervention. Defendants' counsel informed

Plaintiffs' counsel of Defendants' intention to (i) file the Request to Dismiss for lack of

jurisdiction over the non-New York Defendants (pursuant to Rule 12 (b)(2)) and (ii) move to

stay all discovery related to the Pennsylvania Defendants and Massachusetts Defendants until the

Request to Dismiss is ruled upon by the Court if Plaintiffs were not willing to agree to same.

Defendants' counsel asked Plaintiffs' counsel to agree to proceed with discovery solely related to

Davio's NY until the Request to Dismiss is ruled upon. Plaintiffs' counsel refused and Attorney

Lee responded, "file your motion". Consistent with Plaintiffs' counsels' prior acts, at

approximately 6:14 PM on Friday, February 28, Attorney Needham e-mailed Defendants'

counsel stating Plaintiffs would not agree to stay discovery or limit discovery to Davio's New

York. He also sent deposition notices for: (i) the 30(b)(6) designee(s) of Davio's NY; (ii) Steve

DiFillippo; and (iii) Jennifer Schubert, Davio's NY's General Manager. Attorney Needham

wrote, "Plaintiffs do not agree to limit depositions to individuals involved with the New York

Location." A copy of Attorney Needham's February 28, 2020 e-mail is attached as Exhibit E to

the Declaration of Scott G. Grubin, Esq., filed herewith.

## ARGUMENT

The Court should stay all discovery propounded upon and concerning the Pennsylvania

Defendants and Massachusetts Defendants until the Court rules on Defendants' Request to

Dismiss because this Court does not have personal jurisdiction over the Pennsylvania Defendants

and Massachusetts Defendants, and therefore, requiring them to participate in the discovery

process would be inequitable and an extreme burden. When consulted about this issue, Plaintiffs'

counsel did not dispute that jurisdiction concerning the Pennsylvania Defendants and

Massachusetts Defendants does not exist, but nonetheless he refused to agree to limit discovery

to Davio's NY until the Court rules on the Request to Dismiss. There is no basis for personal

over the Pennsylvania Defendants and Massachusetts Defendants and no basis for discovery upon them. Court intervention is now required.

As further explained in the Request to Dismiss, personal jurisdiction may only be exercised over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). In a putative class action, the Plaintiffs bear the burden of demonstrating that the court has personal jurisdiction over each defendant. *Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at \*5 (S.D.N.Y. Mar. 7, 2014). For a corporation, the "paradigm forum for the exercise of general jurisdiction" is a place in "in which the corporation is fairly regarded as at home" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "With respect to a corporation, the place of incorporation or principal place of business are paradigm bases for general jurisdiction." *Id*. (internal quotations omitted). There is no general jurisdiction over the Pennsylvania Defendant or the Massachusetts Defendants as they are not incorporated in the State of New York, nor do they maintain a principal place of business in the State of New York.[6] Thus, the Court only has personal jurisdiction as to the Pennsylvania Defendants and the Massachusetts Defendants with respect to those claims where specific jurisdiction exists.

The Court may exercise specific jurisdiction over a non-resident putative class of defendants if: (1) jurisdiction is authorized under the applicable state long-arm statute; and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice embodied in the Due Process Clause of the Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-474 (1985).

---

[6]     Each of Pennsylvania Defendants and Massachusetts Defendants is incorporated in the state within which it operates and maintains a principal place of business at the location of the restaurant it owns.

The constitutional touchstone for determination of whether specific jurisdiction exists remains whether the Defendants purposefully established "minimum contacts" in the forum state. *International Shoe Co. v. Washington*, 326 U.S. 10, 316 (1945). The link between the Defendants' alleged contacts with the forum state must be judged from the perspective of the named Plaintiffs' claims, not the claims of the putative class. *Selman v. Harvard Med. Sch.*, 494 F. Supp. 603, 613 (S.D.N.Y.), aff'd sub nom. *Burton Selman v. Harvard Med. Sch.*, 636 F.2d 1204 (2d Cir. 1980) ("[I]t is clear that the named class representative himself must satisfy all jurisdictional prerequisites before the action can go forward"). Likewise, Plaintiffs cannot establish personal jurisdiction based on a single integrated enterprise theory because the Non-NY Defendants had no continuous or systematic contact with the State of New York, the Plaintiffs have not (and cannot) allege that any employees of the Pennsylvania Defendants or the Massachusetts Defendants worked for Davio's NY and the claims of the individual Plaintiffs who were employed by the Pennsylvania Defendants and Massachusetts Defendants arise solely out of their employment in Pennsylvania and Massachusetts.[7] *Dong Chul Kim v. Harte Hanks, Inc.*, No. 19 CIV. 1920 (KPF), 2019 WL 6529316, at \*7 (S.D.N.Y. Dec. 4, 2019) (denying personal jurisdiction exists over out of state entities based on a single integrated business enterprise theory and, accordingly, granting dismissal of out of state entities based on lack of personal jurisdiction). "If plaintiff can establish a factual predicate for jurisdiction under the laws of the forum state—here, New York—then the court must consider whether the exercise of

---

[7]   In the Plaintiffs' declarations filed with the Court on February 14, 2020, each of the named Plaintiffs who submitted a declaration, signed under oath, claimed to work or have worked for one of the restaurants owed by the corporate defendants. None of the Plaintiffs claimed to have worked for more than one Davio's restaurant or in more than one state. In fact, none of the Plaintiffs alleged to have ever even spoken to anyone who worked for a different Davio's restaurant than the one where he or she worked.

jurisdiction violates due process." *Beach*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014).

The Pennsylvania Defendants and Massachusetts Defendants have no contacts with the State of New York. The representative Plaintiffs who claim to have been employees of the Massachusetts Defendants and Pennsylvania Defendants reside in Massachusetts, Pennsylvania and New Jersey. None reside in New York.[8] None of the Pennsylvania Defendants or Massachusetts Defendants have minimum contacts with the State of New York, nor have they ever directly done any business in New York. The Pennsylvania Defendants and Massachusetts Defendants are incorporated in either the Commonwealth of Massachusetts or Commonwealth of Pennsylvania, maintain principal places of business at the location of the restaurant they own in Massachusetts or Pennsylvania, and do not have offices, employees, telephone listings or bank accounts in New York. They do not carry on any regular activities in New York. They do not satisfy any of the acts which are enumerated in N.Y. C.P.L.R. 302 as the basis of jurisdiction over a non-domiciliary.[9] *See* N.Y. C.P.L.R. 302. Jurisdiction is not authorized over the

---

[8]    Plaintiffs Kelly – Boston, Perez, Braintree and Milho – Foxborough reside in Massachusetts. Plaintiff Khan – Philadelphia resides in Pennsylvania. Plaintiffs O'Brien – Philadelphia and Reynolds – Philadelphia reside in New Jersey.

[9]    (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

      1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

      2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

      3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

            (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

            (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

      4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302.

Pennsylvania Defendants or Massachusetts Defendants pursuant to the New York long-arm statute, does not comport with the traditional notions of fair play and substantial justice in the Due Process Clause of the Constitution and, therefore, the claims against the Pennsylvania Defendants and Massachusetts Defendants must be dismissed by this Court. *See Selman*, 494 F. Supp. at 611 (S.D.N.Y.). Accordingly, as a result of the likely dismissal of the Pennsylvania Defendants and Massachusetts Defendants from this action, and until a ruling on the Request to Dismiss is made, all discovery propounded upon and concerning the Pennsylvania Defendants and Massachusetts Defendants must be stayed.

## <u>CONCLUSION</u>

WHEREFORE, as a result of the foregoing, the Defendants respectfully request that this honorable Court stay discovery related to the Pennsylvania Defendants and the Massachusetts Defendants.

Dated:  New York, New York                 Respectfully submitted,
        March 12, 2020

                                      By: <u>/s/ Jonathon D. Friedmann, Esq.</u>
                                      Jonathon D. Friedmann, Esq.
                                      Robert P. Rudolph, Esq.
                                      RUDOLPH FRIEDMANN LLP
                                      92 State Street
                                      Boston, MA 02109
                                      Tel.: (617) 723-7700
                                      jfriedmann@rflawyers.com
                                      rrudolph@rflawyers.com

                                      -and-

                                      By: <u>/s/ Scott G. Grubin, Esq.</u>
                                      Scott G. Grubin, Esq.
                                      Rita Lenane-Massey, Esq.
                                      BARTON LLP
                                      711 Third Avenue, 14th Floor
                                      New York, NY 10017
                                      Tel.: (212) 687-6262
                                      sgrubin@bartonesq.com
                                      rlmassey@bartonesq.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on March 12, 2020 with the Clerk of the United States District Court, Southern District of New York, using its electronic case filing system, CM/ECF, thereby serving all counsel of record in this case.

Michael C. Ward, Esq.