UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2020

Andres Ruilova, *et al.*,

Plaintiffs,

–v–

443 Lexington Ave, Inc., *et al.*,

Defendants.

19-CV-5205 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Now before Court's is Defendants' partial motion to stay discovery related to all Defendants except for 443 Lexington Ave, Inc. and Steve Difillippo pending adjudication of the motion to dismiss those Defendants for lack of personal jurisdiction. Dkt. No. 73.

It is well settled that "[a] motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). However, depending on the particular circumstances, "a pending motion to dismiss may constitute" the "good cause" required for a stay of discovery. Courts typically consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quotation omitted).

The Court takes up the last of these factors first. Defendants have made "substantial arguments for dismissal." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72 (quotation omitted). Contrary

to Plaintiffs' suggestion, the Court doubts that Defendants' motion is untimely. A defendant may make a post-answer motion to dismiss for lack of personal jurisdiction so long as the defense has not been forfeited. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60-61 (2d Cir. 1999). Defendants appear to have preserved their personal jurisdiction arguments in their answer and this case is still in its early stages. And Defendants have also raised substantial arguments as to whether there is either general or specific jurisdiction over the non-NY Defendants.

Furthermore, the scope of discovery sought is quite broad. Defendants would clearly be prejudiced by responding to these requests if the motion to dismiss is granted. This case is already on an extended discovery schedule and discovery as to the NY Defendant and Difillippo could proceed even if there was a partial stay, which reduces the prejudice to Plaintiffs.

Accordingly, the Court finds that a partial stay of discovery is warranted. The Court grants Defendants' motion and denies Plaintiffs' motion to compel discovery from the Defendants at issue. Furthermore, the outcome of the personal jurisdiction issue is likely to affect the nature and scope of any conditional certification. And as Plaintiffs note, it would be preferable to address conditional certification while discovery over the Massachusetts and Pennsylvania Defendants is proceeding, if in fact such discovery is appropriate. Therefore, the Court also denies the pending motion for conditional certification, Dkt. No. 54, without prejudice to renewal after the personal jurisdiction issue is resolved.

This resolves Dkt. Nos. 54, 70, 73.


SO ORDERED.

Dated: March 20, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge