UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRES RUILOVA, HUGO TEXIS, BERTIN ALDO GARCIA, ISMAEL GUTIERREZ, VALENTIN VIVAR, ELIZABETH KELLY, STACY SAMUEL, STEPHANIE PEREZ, EVAN MILHO, JAMAL KHAN, KEVIN O'BRIEN and CHUCK REYNOLDS, on behalf of themselves, FLSA Collective Plaintiffs and the Class,<br><br>       Plaintiffs,<br><br>    -vs.-<br><br>443 LEXINGTON AVE, INC. d/b/a DAVIO'S, 75 ARLINGTON STREET, INC. d/b/a DAVIO'S, ONE PATRIOT PLACE, LLC d/b/a DAVIO'S, 151 GRANITE STREET LLC d/b/a DAVIO'S, 55 BOYLSTON STREET, LLC d/b/a DAVIO'S, 427 WALNUT STREET LLC d/b/a DAVIO'S, 111 S. 17th STREET, INC. d/b/a DAVIO'S, 201 MAIN STREET LLC d/b/a DAVIO'S, and STEVE DIFILLIPPO,<br><br>       Defendants. | Case No. 19-cv-05205 |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(MASSACHUSETTS AND PENNSYLVANIA DEFENDANTS ONLY)**

## **TABLE OF AUTHORITIES**

**CASES**

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F. 3d. 158, 163 (2d. Cir. 2010)............................ 4

*Kucher v. Domino's Pizza, Inc.*, 2017 U.S. Dist. LEXIS 222812, 2017 WL 2987214 (S.D.N.Y. Fed. 13, 2017).................................................................................................. 3, 4, 5, 6, 7

On April 3, 2020, the Plaintiffs filed a First Amended Class and Collective Action Complaint (ECF No. 86). In response thereto, on April 23, 2020 the Massachusetts and Pennsylvania Defendants filed their Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction (ECF No. 88) ("Motion to Dismiss"). On May 7, 2020, the Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss First Amended Complaint (ECF No. 92) ("Opposition"). This reply is the moving parties' reply to the Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Fist Amended Complaint and is filed in further support of the Massachusetts and Pennsylvania Defendants' request to this Court that the Amended Complaint be dismissed for lack of personal jurisdiction over them. In the Motion to Dismiss, the Defendants make it clear that they are only seeking dismissal, for lack of personal jurisdiction, as to the Massachusetts and Pennsylvania Defendants. The Motion to Dismiss does not seek on jurisdictional basis any dismissal of Mr. DiFillippo individually or of the New York Defendant, 443 Lexington Ave, Inc.

The Plaintiffs start off their argument in the Opposition (ECF No. 92, at page 2) claiming "Defendant [sic](in their Motion to Dismiss) attempts to dismiss the relevance of *Kucher v. Domino's Pizza, Inc.*, 2017 U.S. Dist. LEXIS 222812, 2017 WL 2987214 (S.D.N.Y. Fed. 13, 2017), …" Just the opposite is true. Defendants, in their Motion to Dismiss, cite liberally to this Court's decision in *Kucher*. Beginning at page 23 of the Motion to Dismiss (ECF No. 88), and continuing through page 28, the moving parties recite the law relating to motions to dismiss in Federal Court affecting non-New York defendants and cite to the cases and the standard utilized in *Kucher*. The Defendants here believe, as stated in the moving papers, that the Plaintiffs have not made out factually the basis for jurisdiction over the non-New York Defendants. In *Kucher*, facts were alleged (not mere conclusions dressed up as facts) to establish personal jurisdiction.

As the *Kucher* Court stated, and as Defendants have acknowledged in the moving papers, "…to determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F. 3d. 158, 163 (2d. Cir. 2010)" *Id. Kucher, as also acknowledged by* Defendants, goes on to state that a Court first must determine whether personal jurisdiction would comport with the forum state's long arm statute and if so, the Court must next determine "…whether personal jurisdiction comports with the due process clause of the United States Constitution." *Id.*

In the case at bar, the Plaintiffs try to surmount the jurisdictional deficiency by claiming that the Massachusetts and Pennsylvania Defendants are "mere departments" of Mr. DiFillippo. In addressing this contention, the moving parties cite to the four-prong standard recited in *Kucher*. The four-prong test is utilized to determine whether a party is a "mere department" of the parent for jurisdictional purposes. In Defendants' Motion to Dismiss (ECF No. 88), Defendants not only discussed each of the four prongs which needed to be established factually by the Plaintiffs for personal jurisdiction to exist over the Massachusetts and Pennsylvania Defendants for "mere department" treatment between Mr. DiFillippo and the Massachusetts and Pennsylvania Defendants, but also demonstrated why the Amended Complaint fails to satisfy any of them. These elements were taken directly from this Court's decision in *Kucher*. Defendants' analysis in the Motion to Dismiss, contrary to Plaintiffs' assertion in the Opposition, followed the *Kucher* analysis.

The difference between the current case before the Court and *Kucher* is that in the current case, the Plaintiffs do not have any factual allegations regarding the four-prong test, the Amended Complaint speaks only in conclusions portrayed as allegations. By example, in the *Kucher* decision, the Court found that the Plaintiff employees worked for more than one of the

Defendant entities. Here, the Declarations of the Plaintiffs, previously filed with the Court, make it clear that each Plaintiff only ever worked for one of the locations. (ECF Nos. 56-65, as cited in Defendants' Motion to Dismiss). This is in stark contrast to the facts alleged and found in *Kucher* where the Court found that Mr. Kucher "…worked at five different locations owned by Cookston." *Kucher,* 2017 WL 2987214 at *2.

The Court in *Kucher* also found that there were facts of record evidencing various actions filed by regulatory authorities against the Defendants that provided for an Assurance of Discontinuance that was signed by Robert Cookston ("Cookston") on behalf of himself and multiple franchise stores owned and/or operated by him. *Id.* at *3. The Court further found facts of record establishing a second Assurance of Discontinuance that was entered into between various Cookston franchise stores and the New York Attorney General in which allegations regarding multiple locations and Cookston himself were of record. Finally, the facts of record alleged that the Attorney General and Cookston, along with several of his restaurants, entered into a settlement of $675,000.00 for which Cookston personally agreed to "assume all personal and individual liability." *Id*. The *Kucher* Court specifically found facts of record alleging that "Cookston, as President of each of the eleven restaurants, subject to the investigation, signed the assurance of discontinuance on behalf of each store. *Id at 34-36, footnote 3*." *Id.*

The Court in *Kucher* then undertook an analysis of the four elements necessary to establish personal jurisdiction through "mere department" considerations. The Court, in its four-prong analysis, recognized that each prong must be established by the Plaintiffs. The Court then analyzed each of the four prongs, to the extent such prongs were disputed (defendants did not dispute all prongs). The Court ruled that the Complaint, which incorporated the New York Attorney General press release referencing the $675,000.00 settlement that Cookston personally

5

paid to settle claims against him and the eleven restaurants, was sufficient as factual allegations to establish the disputed prong. The Court concluded, regarding Kutcher's Complaint, that "…the allegations are thus sufficient to suggest that Cookston's restaurants even in Connecticut may be financially dependent upon him." *Id.*

In the current case, unlike *Kutcher*, no such facts exist. This is the reason that the moving Defendants assert that the current case is distinguished from *Kutcher*. It is not, as Plaintiffs claim, that Defendants "…attempt(s) to dismiss the relevance of *Kucher".* As set forth in Defendants' Motion to Dismiss, the four-prong test necessary for "mere department" treatment cannot be made out by the Plaintiffs in their Amended Complaint. Mr. DiFillippo and the moving parties are not factually or legally "mere departments" of each other. Such claim is belied by the previously filed Declarations of the Plaintiffs and the factual void of the Amended Complaint.

Here, the Plaintiffs claim the financial dependency element is established because Mr. DiFillippo ultimately receives the financial benefit of ownership of the locations. This is true of every entity's owner. Ownership, however, does not equate to financial dependency. No allegations are found in the Amended Complaint claiming, factually, that the restaurants are financially dependent on Mr. DiFillippo. In contrast, this void of information is filled by Mr. DiFillippo's Declaration (ECF No. 89) which demonstrates the separateness of each independently owned and operated restaurant and their finances as separate silos. The Plaintiffs then attempt to mislead the Court by taking a statement about the electric bill cost, for a single location (from approximately 1982), and comparing it to the electric bill for the Pennsylvania location (in 2019), to claim that this proves financial dependency. The quotation, in context and not as quoted by Plaintiffs, is talking about the growth in size and complexity of restaurants. It

6

goes on to state, "The restaurant (singular) was 3,500 square feet. Now our kitchens are almost that size" (ECF No. 86-2 at p. 2). The Plaintiffs here try to liken these irrelevant allegations to the specific factual allegations of *Kutcher*. Such comparison fails.

Another failing in Plaintiffs' attempt to make out the four-prong test is their claim of "…disdain for corporate formalities" attributed to Mr. DiFillippo (ECF No. 92 at 12). The Plaintiffs claim, in conclusory fashion, that corporate formalities are not observed by Mr. DiFillippo because everyone has his e-mail address; they can e mail him, and he will respond. (ECF No. 92 at 12). This statement in no way implicates or supports the disregard of corporate formality.

As these examples demonstrate, the Plaintiffs do not allege even a prima facia showing on all four prongs of the "mere department" standard for jurisdiction. The claim by Plaintiffs that the Defendants seek to dismiss the relevance of *Kucher* is untrue. The Defendants agree with the Court as to the law stated in *Kucher* and agree that it is the responsibility of the Plaintiffs to allege facts, not conclusions, that demonstrate personal jurisdiction. The distinction here is that unlike *Kucher*, where specific facts were alleged of record to establish on a prima facia basis each of the four prongs of the "mere department" test, here, no such facts are alleged or of record to make out each of the four elements on a prima facia basis for "mere department" personal jurisdiction.

The Motion to Dismiss as to the Massachusetts and Pennsylvania Defendants should be granted.

Dated: New York, New York
      May 14, 2020

                    By: /s/ Jonathon D. Friedmann, Esq.
                    Jonathon D. Friedmann, Esq.
                    Robert P. Rudolph, Esq.
                    Rudolph Friedmann LLP
                    92 State Street
                    Boston, Massachusetts 02109
                    Tel.: (617) 723-7700
                    jfriedmann@rflawyers.com
                    rrudolph@rflawyers.com

                    and

                    By: /s/ Scott G. Grubin, Esq.
                    Scott G. Grubin, Esq.
                    Rita Lenane-Massey, Esq.
                    Barton LLP
                    711 Third Avenue, 14th Floor
                    New York, New York 10017
                    Tel.: (212) 687-6262
                    sgrubin@bartonesq.com
                    rlmassey@bartonesq.com

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was electronically filed on May 14, 2020 with the Clerk of the United States District Court, Southern District of New York, using its electronic case filing system, CM/ECF, thereby serving all counsel of record in this case.

                                                /s/ Michael C. Ward
                                             Michael C. Ward, Esq.